**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN PETROLEUM TANKERS PARENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> The UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 1:12-CV-001165-CKK <br> ) <br> ) Joint Status Update <br> ) <br> ) <br> ) <br> ) |

## JOINT STATUS UPDATE AND SEPARATE SCHEDULING PROPOSALS

Pursuant to the Court's Order of November 10, 2012, Plaintiff American Petroleum Tankers Parent LLC ("Plaintiff"), and Defendants the United States of America, the Secretary of Transportation, and the Administrator of the Maritime Administration ("Defendants"), by and through the undersigned counsel, respectfully submit this status report proposing a schedule for proceedings in this case.

1. On July 17, 2012, Plaintiff filed the Complaint in this case seeking emergency relief in the nature of mandamus and relief under the Administrative Procedure Act related to its pending application to the Department of Transportation for a loan guarantee, pursuant to Title XI of the Merchant Marine Act, 1936. (ECF No. 1). On July 18, Plaintiff filed a Motion for Emergency Relief in the Nature of Mandamus and Related Injunction (ECF. No. 4), seeking an order from this Court requiring Defendants to act on Plaintiff's application by August 31.

2. On July 23, the parties entered a stipulation whereby Defendants agreed to issue a decision approving or denying Plaintiff's pending application on or before August 31, and Plaintiff withdrew its Motion for Emergency Relief in the Nature of Mandamus and Related

Injunction and its Motion for an Expedited Hearing.

3. On August 1, the Maritime Administrator issued a decision denying Plaintiff's application for a loan guarantee. The decision stated that the Maritime Administration had not considered recent correspondence from Plaintiff regarding changes to the pending loan application. The decision also stated, however, that if the Plaintiff wished, the Administrator would still consider the submitted materials as part of an amended application. On August 9, Plaintiff formally asked that the Administrator review the amended application.

4. Between August 9 and October 15, the parties corresponded about the amended application and Plaintiff submitted additional documents in support of the application.

5. On November 9, 2012, the Maritime Administrator issued a decision denying Plaintiff's amended application for a loan guarantee.

6. Pursuant to the Court's Order of November 10, the parties each propose the following schedule for proceeding in this matter:

*Defendants' Proposal*

| **Filing** | **Due Date** |
|---|---|
| Plaintiff's Amended Complaint …………………….. | December 10, 2012 |
| Defendants' Response to the Amended Complaint…. | January 11, 2013 |
| Administrative Record ……………………………… | January 18, 2013, unless Defendants file a Motion to Dismiss on jurisdictional grounds, in which case 7 days after an Order on Defendants' Motion to Dismiss |
| Defendants' Motion for Summary Judgment………... | 30 days after Administrative Record filed |
| Plaintiff's Opposition to the Motion for Summary Judgment and Cross-Motion…………………………. | 30 days after Defendants' MSJ filed |
| Defendants' Reply and Opposition to the Cross-Motion……………………………………………...…… | 30 days after Plaintiff's Opposition filed |
| Plaintiff's Reply……………………………………… | 14 days after Defendants' Reply filed |

Defendants respectfully request that no deadlines for Defendants be set prior to January 11, 2013. As of the date of this filing, undersigned counsel for Defendants has five motion briefs due in December. In addition to the upcoming holidays, counsel is out of the country from December 6-12. Defendants request the Court consider this schedule prior to setting additional deadlines for Defendants' counsel.

Defendants propose that the Administrative Record be filed only after Defendants have had an opportunity to respond to the Amended Complaint. Should Defendants move to dismiss because the Court lacks jurisdiction, the Record should be filed only after the Court determines that it has authority to review the agency's actions. *See United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949) ("Where a complaint fails to state a claim upon which relief can be granted . . . a defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding. . . ."); *see also Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7045, 2007 WL 4165397, at *2 (D.C. Cir. Nov. 27, 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation). Plaintiff provides no authority for its claim that it is entitled to the Administrative Record even if this Court lacks jurisdiction to hear Plaintiff's claims.

Moreover, Defendants' schedule anticipates a phased briefing schedule, wherein the parties will brief any Motion to Dismiss, and following a decision on that motion, will brief Motions for Summary Judgment based on the Administrative Record. Such a briefing schedule "makes sense because, if the Court were to grant Defendants' . . . motion to dismiss, [it] would moot [the] motion for summary judgment." *Hill v. Chalanor*, No. 9:06-cv-438, 2008 WL 907363, at *1 n.1 (N.D.N.Y. Mar. 31, 2008); *see also e.g.*, *Ticor Title Ins. Co. v. FTC*, 625 F.

Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd* 814 F.2d 731 (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability"). Plaintiff's schedule requires the parties to brief any Motion to Dismiss at the same time as the Motions for Summary Judgment. "There can be no question that it is more logical and efficient for the Court to rule on Defendants' Motion to Dismiss before ruling on Plaintiffs' Motion for Summary Judgment." Order, *Mead v. Holder*, No. 1:10-cv-00950, at \*2 (D.D.C. Sept. 8, 2010).

Notwithstanding the parties' best efforts to compromise in preparing this joint filing, Defendants do not agree with the characterizations in Plaintiff's Proposal.

*Plaintiff's Proposal*

| **Filing** | **Due Date** |
|---|---|
| Plaintiff's Amended Complaint | November 21, 2012 |
| Defendants' Response to the Amended Complaint | January 11, 2012 |
| Administrative Record | December 31, 2012 |
| Defendants' Motion for Summary Judgment | February 11, 2013 (30 Days After the Filing of Answer or Motion to Dismiss) |
| Plaintiff's Opposition to the Motion for Summary Judgment and Cross-Motion | March 11, 2013 (30 days after Defendants Motion for Summary Judgment) |
| Defendants' Reply and Opposition to the Cross-Motion | April 11, 2013 (30 Days After Plaintiff's Opposition to Motion for Summary Judgment and Cross-Motion for Summary Judgment) |
| Plaintiff's Reply | April 25, 2013 (14 Days After Defendants' Reply and Opposition to the Cross-Motion for Summary Judgment) |

Plaintiff believes that the principal difference between Plaintiff's proposed schedule and Defendants' proposed schedule concerns the date for the filing of the Administrative Record.

Plaintiff proposes filing the Administrative Record by December 31, 2012.  Defendants make no commitment to file the Administrative Record by any date certain, but propose a "phased" schedule that contemplates extended motion practice, with Defendants filing the Administrative Record at some indeterminate date or, perhaps, not at all.  To date, Plaintiff has compromised on all dates initially proposed by Defendants, including the filing of the Administrative Record, and continues to be willing to compromise on all dates for further proceedings except the date for filing the Administrative Record.  The basis for Plaintiff's position regarding the Administrative Record is:

   a. APT intends to file its supplemental complaint by November 21, and originally proposed that Defendants file the administrative record within 30 days thereafter, but have offered to extent that date to 40 days, which accords with the time for filing the Administrative Record for petition for review of agency action filed in the Courts of Appeals.  *See* Fed. R. App. P. 17.  The Supplemental Complaint will allege that  Defendants' decisions (1) violate the Maritime Administration's own regulations, (2) conflict with the analysis and recommendation of its own hand-picked independent financial analyst, and (3) was influenced, and likely made by, the Department of Transportation Credit Council in violation of a statute intended to preclude such participation and influence.  Given that, until July, MarAd staff told Plaintiff that it supported APT's application and Defendant Administrator told Plaintiff it was advocating the application before the DOT Credit Council, Plaintiff is entitled to see the record upon which Defendants based two decisions denying Plaintiff's Application.

   b. Plaintiff's proposed December 31 date is, under the circumstances of this case, reasonable.  Plaintiff's application was pending for two years during which time

Defendants should have maintained a record. Further, this action has been pending in the Court for four months, during which time Defendants certainly should have been compiling an Administrative Record for the Court. As noted, Fed. R. App. P. 17 requires the filing of the Administrative Record for review of administrative actions in the Court of Appeals in cases such as those brought under the Hobbs Act. While not controlling here, it is instructive. December 31 is not an unreasonable date for Defendants to file the Administrative Record.

c. Defendants have delayed throughout the application and decision process. Defendants took nearly two years before issuing a decision on APT's application, and then did so only after APT filed this action in July to compel a decision (and to do so without the DOT Credit Council's participation or interference). In denying APT's application on August 1, Defendants said they would again consider APT's application with what defendants characterized as "material" changes proposed by APT, and would render a decision in 10 weeks. Defendants then took 15 weeks to render its second decision. Defendants' latest decision, however, does not advance one basis for denial of the application that was not available to them when they issued their August 1 decision. Defendants are entitled to review the Administrative Record without further delay.

d. Defendants have proposed filing the Administrative Record one week after they file an answer (i.e., on January 18), but only if they do not file a motion to dismiss instead. Plaintiff believes this proposal is unreasonable and unjustified by the facts of this case. If Defendants file a motion to dismiss, then Defendants will not file the Administrative Record until the motion to dismiss is fully briefed, and the Court renders a decision on the motion. Defendants will have the benefit of the Administrative Record in some form

6

in preparing their motion, but Plaintiff will not, even if the Administrative Record would be helpful to in opposing Defendants' motion, or aid the Court in resolving that motion. And if the motion is granted, then Defendants will never file the Administrative Record at all, even if the Administrative Record contains information that would allow Plaintiff to seek leave to amend. The information on which Defendants based their decisions, and the DOT Credit Council's participation in those decisions, will remain a secret.

e. Defendants' decisions suggest that they would base a motion to dismiss on a claim that their decisions are not reviewable and that the decision to grant or deny a Title XI application is committed to agency discretion by law. Defendants believe that this ground is meritless, but in any event it is a ground that can be made in the context of a motion for summary judgment, which would streamline the process for the Court, and would allow the Court to determine such an argument with the benefit of the Adminstrative Record. Should Defendants file a Motion to Dismiss, Plaintiffs intend to move to consolidate further briefing on such a motion with briefing on the Motions for Summary Judgment.

f. Plaintiffs are entitled to review the Administrative Record under any circumstances, but especially so here where (1) the decisions denying APT's applications issued by defendants are so extraordinary in their content and analysis, (2) APT was told several times by MarAd staff that APT's application is one of the financially strongest applications the agency has seen, and (3) the Administrator told APT that he was "advocating" the application with the DOT Credit Council.

Dated: November 19, 2012

Respectfully submitted,

/s/Joseph O. Click
Michael Joseph (DC Bar No. 6593)
Alex Blanton (DC Bar No. 169623)
Joseph O. Click (DC Bar No. 417294)
Blank Rome LLP
600 New Hampshire Ave. NW
Washington, D.C.  20037
(202) 772-5966
click@blankrome.com

*Counsel for Plaintiff American Petroleum Tankers Parent LLC*

STUART F. DELERY
Principal Deputy Assistant Attorney General

SANDRA M. SCHRAIBMAN
Assistant Branch Director (DC Bar No. 188599)

/s/ Karen P. Seifert
KAREN P. SEIFERT
Trial Attorney (NY Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Ph: (202) 305-0891
Fax: (202) 616-8470
karen.p.seifert@usdoj.gov

*Counsel for Defendants*