UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN PETROLEUM TANKERS PARENT LLC<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, *ET AL.*<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 12-1165 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendants seek a one-week extension that will allow them to respond to the supplemental complaint on January 18, the same day the administrative record is due unless their response challenges the Court's jurisdiction.  Plaintiff, American Petroleum Tankers Parent LLC (APT), does not oppose allowing defendants an additional week to file a response.  The Court will recall, however, that this case concerns APT's application for Title XI loan guarantees for which there are limited appropriated funds—funds that would be exhausted by defendants' granting of subsequently filed applications prior to this Court's decision.  Based on defendants' actions to date, APT is concerned that defendants will, on the extended deadline, seek to delay filing the administrative record, and thus delay a decision on the merits, by filing a mislabeled motion to dismiss for lack of jurisdiction and that they will use the additional time to attempt to moot APT's complaint by granting the other applications.  Specifically, APT fears that defendants will file a motion to dismiss that purports to question the Court's jurisdiction, but in fact is based on the non-jurisdictional assertion that the challenged action is committed to agency

discretion by law. Accordingly, APT requests that the Court make clear to defendants that such a motion is not jurisdictional and will not provide reason for delaying the filing of the administrative record beyond the date established by the Court's November 20, 2012 Order. The grounds for this request are as follows:

    1.  Although APT's application was recognized by MarAd's staff as among the strongest ever submitted under the Title XI program, after it had been pending for over a year without any action MarAd disclosed that a principal reason for the delay was an extra-legal, politically motivated one put forward by the DOT Credit Council—an entity whose participation in Title XI decisions had been expressly proscribed by statute—namely, that APT is owned by investment funds managed by private equity firms. *See* Supplemental Complaint ¶¶ 3, 34.  Recognizing that this fact could not provide a legitimate basis for denying APT's application under the existing statute and regulations, defendants, after further delaying action as long as possible, finally issued two decisions denying the application that, as alleged in the supplemental complaint, (a) violate MarAd's own regulations for evaluating and granting such applications, (b) were made with the participation of, and most likely at the direction of, the Department of Transportation Credit Council even though Congress had amended the Title XI statute to preclude such participation, (c) deliberately misconstrued financial data and the recommendations and conclusions of their own independent financial advisor, (d) set forth a financial analysis of APT's application that is incoherent and incompatible with sound financial analysis, (e) failed to accord APT's application a statutory priority over other applications, and (f) was otherwise arbitrary, capricious, and not in accordance with law.

    2.  On November 19, 2012, prior to the filing of the supplemental complaint, the parties submitted a joint status report proposing different schedules for further proceedings in the case,

with their principal disagreement concerning the date for filing the administrative record.  APT proposed filing the administrative record by December 31, and was willing to remain flexible as to the date for filing a response to the complaint.  Under defendants' proposal, they would file a response to the complaint on January 11 and would file the administrative record on January 18, but only if their response did not take the form of a motion to dismiss for lack of jurisdiction.

     3.  In its November 20 scheduling order, the Court adopted defendants' proposal.  In doing so the Court found that "it would be a waste of the parties' resources to compile and file the administrative record and begin briefing motions for summary judgment unless and until the Court determines it in fact has jurisdiction to adjudicate the merits of the Plaintiff's (to be amended) complaint."  Accordingly, the scheduling order requires the defendants to "file their answer(s) or otherwise respond to the Amended Complaint by **January 11, 2011**," and further directs that "Defendants shall file the Administrative Record by no later than **January 18, 2013** unless the Defendants move to dismiss the Amended Complaint on jurisdictional grounds.  If the Defendants file a motion to dismiss for lack of jurisdiction, the Court shall set a new date for the filing of the Administrative Record after the Defendants' motion to dismiss is resolved."

     4.  In now seeking a one-week extension of time, until January 18, to respond to the supplemental complaint defendants have stated in an e-mail to APT that they have not yet determined whether they will file an answer or a motion to dismiss, but that they intend "to comply with [the Court's scheduling] order" and "will file an Administrative Record if required, i.e. if an Answer is filed."  The implication of these statements is that defendants do not intend to file the administrative record on January 18 if they file a motion to dismiss.  The only colorable basis for a motion to dismiss, however, would be an assertion that the decision to deny a Title XI application is "committed to agency discretion by law" within the meaning of the Administrative

3

Procedure Act.[1]  The D.C. Circuit has made clear, though, that such an assertion does not implicate the Court's jurisdiction, but rather, if valid, provides grounds for concluding that the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Sierra Club v. Jackson*, 648 F.3d 848, 853-54 (D.C. Cir. 2011); *WildEarth Guardians v. Salazar*, 859 F. Supp. 2d 83, 97, n.11 (D.D.C. 2012).  If defendants file a motion to dismiss on this basis, they will not have filed a jurisdictional motion sufficient to relieve them of their obligation to file the administrative record on January 18.

     5.   APT has already suffered substantial detriment because of defendants' delays, and it will suffer even more if defendants continue to postpone the filing of the administrative record and the adjudication of APT's claims.  First, the interest rates available for Title XI-guaranteed loans are significantly lower than those otherwise available for ship construction.  Every day that APT is unjustly denied such guarantees imposes significant, and wholly unnecessary, costs on APT.  More important, as defendants' November 9 decision noted, MarAd does not have sufficient appropriated funds to grant both APT's application and the two other pending Title XI applications filed a year and a half after APT's.[2]  Given defendants' acknowledged aversion to applicants owned by private equity firms, it is possible, if not likely, that defendants intend to delay proceedings in this case so they can approve one or both of these other applications while

---

[1]  There is no non-frivolous basis for claiming the denials are not final, that APT lacks standing, that the case is not ripe, or that the Court otherwise lacks jurisdiction.  If defendants do move to dismiss on the basis that the decision to deny a Title XI application is committed to agency discretion by law, APT stands ready to oppose based on the strong presumption favoring judicial review and the fact that the Title XI statute and MarAd's regulations provide ample legal standards by which the Court may judge defendants' conduct.

[2]  *See* Supplemental Complaint ¶¶ 50, 61, 86.  In the November 9 decision defendants noted that granting APT's application for guarantees of $340 million would exhaust MarAd's funds.  The other pending applications request guarantees in the aggregate amount of $525 million.

the case is pending and avoid judicial scrutiny by claiming that the case is moot because funds have been exhausted.

6.   Defendants still have ample time to compile the administrative record prior to January 18, and the Court should now make it clear to defendants that a motion to dismiss based on the argument that their decision was one "committed to agency discretion by law" will not justify a failure to file the record on or before that date.

                         Respectfully submitted,

                         /s/ JOSEPH O. CLICK
                         Michael Joseph (DC Bar No. 6593)
                         Alex Blanton (DC Bar No. 169623)
                         Joseph O. Click (DC Bar No. 417294)
                          Blank Rome LLP
                          600 New Hampshire Ave. NW
                          Washington, D.C.  20037
                          (202) 772-5966
                          click@blankrome.com

                         *Counsel for Plaintiff American Petroleum Tankers Parent LLC*

**Certificate of Service**

I hereby certify that on this 2nd of January, 2013, I electronically filed the foregoing with the Clerk of the District Court for the District of Columbia using the CM/ECF system, which sent notification to counsel of record.

/s/ JOSEPH O. CLICK
Michael Joseph (DC Bar No. 6593)
Alex Blanton (DC Bar No. 169623)
Joseph O. Click (DC Bar No. 417294)
 Blank Rome LLP
 600 New Hampshire Ave. NW
 Washington, D.C.  20037
 (202) 772-5966
 click@blankrome.com

*Counsel for Plaintiff American Petroleum Tankers Parent LLC*