# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN PETROLEUM TANKERS PARENT LLC ) <br> ) <br> *Plaintiff*, ) <br> ) <br> *v.* ) <br> ) <br> THE UNITED STATES OF AMERICA, ET AL. ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 12-1165 |

**UNOPPOSED REQUEST FOR EXPEDITED CONSIDERATION OF PENDING MOTION TO DISMISS**

The Motion to Dismiss filed by defendants United States of America, Secretary of Transportation and Administrator of the Maritime Administration (Defendants) on January 18, 2013 will be fully briefed by February 11. For the reasons explained below, Plaintiff American Petroleum Tankers Parent LLC requests the Court to expedite its consideration of, and decision on, that motion and that any hearing on the motion that the Court might deem necessary or appropriate be held on or before February 22 (but not on February 15 or 19).

1. On July 17, 2012, Plaintiff filed the original Complaint seeking emergency relief in the nature of mandamus and relief under the Administrative Procedure Act related to its pending application to the Maritime Administration for a loan guarantee, pursuant to Title XI of the Merchant Marine Act, 1936. Doc. No. 1. On July 18, Plaintiff filed a Motion for Emergency Relief in the Nature of Mandamus and Related Injunction (Doc. No. 4), seeking an order from this Court requiring Defendants to act on Plaintiff's application on or before August 31, and precluding participation of the Secretary and the Department of Transportation Credit Council in the consideration and decision of Plaintiff's application.

2. On July 23, the parties entered a stipulation whereby Defendants agreed to issue a decision approving or denying Plaintiff's application on or before August 31, and Plaintiff withdrew its Motion for Emergency Relief in the Nature of Mandamus and Related Injunction and its Motion for an Expedited Hearing.

3. On August 1, Defendants issued a decision denying Plaintiff's application for a loan guarantee without considering some changes that Plaintiff had submitted. The decision stated, however, that if the Plaintiff wished, Defendants would still consider the submitted materials as part of an amended application. On August 9, Plaintiff formally asked that Defendants consider the amended application.

4. Between August 9 and October 15, the parties corresponded about the amended application and Plaintiff submitted additional information and documents in support of the application.

5. On November 9, 2012, Defendants issued a decision denying Plaintiff's amended application for a loan guarantee.

6. On November 20, 2012, after the parties filed a joint status report proposing different schedules for further proceedings in this case, the Court issued a scheduling Order. The Order noted that the principal difference between the parties' proposed schedules concerned the time for filing the administrative record. The Order then went on to require Defendants to file the administrative record by January 18, 2013 unless they filed a motion to dismiss for lack of subject matter jurisdiction by January 11, 2013 (later extended to January 18, 2013).

7. Pursuant to the November 20 Order, Plaintiff filed a Supplemental Complaint on December 10, 2012, seeking judicial review of Defendants' August 1 and November 9 decisions, and asking that the Court set them aside as arbitrary, capricious, an abuse of discretion, and

contrary to law.  The Supplemental Complaint also requested that the Court issue an order (1) directing that APT's application be considered *de novo* by the official designated by statute or regulation to succeed to the position of Maritime Administrator when the incumbent Administrator is disqualified, and (2) prohibiting the Secretary of Transportation and the Department of Transportation Credit Council from participating in or interfering with the consideration of or decision on APT's application.

8.  On January 18, 2013, Defendants filed a Motion to Dismiss the Supplemental Complaint on the grounds that (1) the Court lacked subject matter jurisdiction over two of Plaintiff's three claims and (2) all three claims failed to state a claim upon which relief may be granted.  Defendants have not filed the Administrative Record.

9.  Plaintiff filed its Opposition to Defendants' Motion to Dismiss on January 29, 2013.  Defendants intend to file their Reply on February 11.

10. One of the grounds given by Defendants for denial of Plaintiff's application in their August 1 and November 9 decisions was that granting of Plaintiffs' application might exhaust funds then available for loan guarantees, and thus hamper Defendants' ability to issue guarantees with respect to other pending and yet-to-be-filed applications that Defendants might deem either more economically sound that Plaintiff's, or preferable to Plaintiff's for other reasons.

11. Plaintiff has been concerned that Defendants might approve other pending applications while this action is pending, exhaust available funds, and then seek dismissal of this action claiming that it was moot.  As the Court will recall, Plaintiff expressed this concern in its Response to Defendants' Unopposed Request for Extension of Time to file its Motion to Dismiss.  *See* Doc. No. 16.

12. More recently, Plaintiff, in an effort to avoid the necessity of seeking preliminary relief from the Court, asked Defendants to agree to postpone any approval of other pending applications until the Court has issued a final judgment on Plaintiff's Supplemental Complaint.

13. Defendants declined Plaintiff's request, stating that approval of other pending applications is not imminent and opining that interim relief is, in any event, unnecessary and unwarranted.  Defendants stated, however, that they are willing to agree to an early hearing date on the pending Motion to Dismiss, so that it can be resolved expeditiously.

14. The parties have further agreed that any hearing on the Motion that the Court might find necessary or appropriate should be held on or before February 22, but not on February 15 or 19, when Defendants' counsel is unavailable.

15. Assuming the Court's docket so permits, Plaintiff respectfully submits that expedited consideration of Defendants' Motion to Dismiss would be helpful to the Court and the Parties.  If the Court grants Defendants' motion, then the need for interim relief would become moot.  If the Court denies the motion, and further orders prompt filing of the administrative record, the parties will better be able to assess the merits of Plaintiff's claims and the necessity and advisability of seeking interim relief.

16. Defendants' counsel has stated that Defendants do not oppose this request.

ACCORDINGLY, Plaintiff requests that the Court consider Defendants' Motion to Dismiss on an expedited basis, and that the Court schedule any hearing on that Motion on a date between February 12 and February 22, inclusive, but not February 15 or February 19.

/s/ MICHAEL JOSEPH
Michael Joseph (D.C. Bar No. 6593)
Alex Blanton (DC Bar No. 169623)
Joseph O. Click (DC Bar No. 417294)
Blank Rome LLP
600 New Hampshire Ave. NW
Washington, D.C.  20037
(202) 772-5966
click@blankrome.com

*Counsel for Plaintiff*

Dated:  February 4, 2013