CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2013 I electronically filed the foregoing Notice of Filing of Volume 2 of the Administrative Record with the Clerk of the Court by using the CM/ECF system.


/s/ *Daniel Bensing*
DANIEL BENSING

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

19115334 v4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

| 1. Date of Agreement | THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO) STANDARD SHIP MANAGEMENT AGREEMENT CODE NAME: "SHIPMAN 98"  Part I |
|---|---|
| 2. Owners (name, place of registered office and law of registry) (Cl. 1)  Name  Place of registered office  Law of registry | 3. Managers (name, place of registered office and law of registry) (Cl. 1)  Name  Place of registered office  Law of registry |

| 4. Day and year of commencement of Agreement (Cl. 2) |  |
|---|---|
| 5. Crew Management (state "yes" or "no" as agreed) (Cl. 3.1) | 6. Technical Management (state "yes" or "no" as agreed) (Cl. 3.2) |
| 7. Commercial Management (state "yes" or "no" as agreed) (Cl. 3.3) | 8. Insurance Arrangements (state "yes" or "no" as agreed) (Cl. 3.4) |
| 9. Accounting Services (state "yes" or "no" as agreed) (Cl. 3.5) | 10. Sale or purchase of the Vessel (state "yes" or "no" as agreed) (Cl. 3.6) |
| 11. Provisions (state "yes" or "no" as agreed) (Cl. 3.7) | 12. Bunkering (state "yes" or "no" as agreed) (Cl. 3.8) |
| 13. Chartering Services Period (only to be filled in if "yes" stated in Box 7) (Cl. 3.3(i)) | 14. Owners' Insurance (state alternative (i), (ii) or (iii) of Cl. 6.3) |
| 15. Annual Management Fee (state annual amount) (Cl. 8.1) | 16. Severance Costs (state maximum amount) (Cl. 8.4(ii)) |
| 17. Day and year of termination of Agreement (Cl. 17) | 18. Law and Arbitration (state alternative 19.1, 19.2 or 19.3; if 19.3 place of arbitration must be stated) (Cl. 19) |
| 19. Notices (state postal and cable address, telex and telefax number for serving notice and communication to the Owners) (Cl. 20) | 20. Notices (state postal and cable address, telex and telefax number for serving notice and communication to the Managers) (Cl. 20) |

It is mutually agreed between the party stated in Box 2 and the party stated in Box 3 that this Agreement consisting of PART I and PART II as well as Annexes "A" (Details of Vessel), "B" (Details of Crew), "C" (Budget) and "D" (Associated vessels) attached hereto, shall be performed subject to the conditions contained herein. In the event of a conflict of conditions, the provisions of PART I and Annexes "A", "B", "C" and "D" shall prevail over those of PART II to the extent of such conflict but no further.

| Signature(s) (Owners) | Signature(s) (Managers) |
|---|---|
|  |  |

Copyright, published by The Baltic and International Maritime Council (BIMCO), Copenhagen ISSUED: August 1998

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**PART II**
**"Shipman 98" Standard Ship Management Agreement**

**1. Definitions**                                                                              1
In this Agreement save where the context otherwise requires,     2
the following words and expressions shall have the meanings     3
hereby assigned to them.                                                               4

"Owners" means the party identified in Box 2.                              5
"Managers" means the party identified in Box 3.                         6
"Vessel" means the vessel or vessels details of which are set     7
out in Annex "A" attached hereto.                                                8
"Crew" means the Master, officers and ratings of the numbers,   9
rank and nationality specified in Annex "B" attached hereto.     10
"Crew Support Costs" means all expenses of a general nature     11
which are not particularly referable to any individual vessel for   12
the time being managed by the Managers and which are incurred   13
by the Managers for the purpose of providing an efficient and     14
economic management service and, without prejudice to the     15
generality of the foregoing, shall include the cost of crew standby   16
pay, training schemes for officers and ratings, cadet training     17
schemes, sick pay, study pay, recruitment and interviews.     18
"Severance Costs" means the costs which the employers are     19
legally obliged to pay to or in respect of the Crew as a result of     20
the early termination of any employment contract for service on   21
the Vessel.                                                                                      22
"Crew Insurances" means insurances against crew risks which     23
shall include but not be limited to death, sickness, repatriation,     24
injury, shipwreck unemployment indemnity and loss of personal   25
effects.                                                                                            26
"Management Services" means the services specified in sub-     27
clauses 3.1 to 3.8 as indicated affirmatively in Boxes 5 to 12.     28
"ISM Code" means the International Management Code for the     29
Safe Operation of Ships and for Pollution Prevention as adopted   30
by the International Maritime Organization (IMO) by resolution     31
A.741(18) or any subsequent amendment thereto.                       32
"STCW 95" means the International Convention on Standards     33
of Training, Certification and Watchkeeping for Seafarers, 1978,   34
as amended in 1995 or any subsequent amendment thereto.     35

**2. Appointment of Managers**                                                     36
With effect from the day and year stated in Box 4 and continuing   37
unless and until terminated as provided herein, the Owners     38
hereby appoint the Managers and the Managers hereby agree     39
to act as the Managers of the Vessel.                                         40

**3. Basis of Agreement**                                                               41
Subject to the terms and conditions herein provided, during the   42
period of this Agreement, the Managers shall carry out     43
Management Services in respect of the Vessel as agents for     44
and on behalf of the Owners. The Managers shall have authority   45
to take such actions as they may from time to time in their absolute   46
discretion consider to be necessary to enable them to perform   47
this Agreement in accordance with sound ship management     48
practice.                                                                                         49

**3.1 Crew Management**                                                               50
(only applicable if agreed according to Box 5)                           51
The Managers shall provide suitably qualified Crew for the Vessel   52
as required by the Owners in accordance with the STCW 95     53
requirements, provision of which includes but is not limited to     54
the following functions:                                                                 55
(i)    selecting and engaging the Vessel's Crew, including payroll   56
       arrangements, pension administration, and insurances for   57
       the Crew other than those mentioned in Clause 6;           58
(ii)   ensuring that the applicable requirements of the law of the   59
       flag of the Vessel are satisfied in respect of manning levels,   60
       rank, qualification and certification of the Crew and     61
       employment regulations including Crew's tax, social     62
       insurance, discipline and other requirements;                   63

(iii)  ensuring that all members of the Crew have passed a medical   64
       examination with a qualified doctor certifying that they are fit   65
       for the duties for which they are engaged and are in possession   66
       of valid medical certificates issued in accordance with     67
       appropriate flag State requirements. In the absence of     68
       applicable flag State requirements the medical certificate shall   69
       be dated not more than three months prior to the respective   70
       Crew members leaving their country of domicile and     71
       maintained for the duration of their service on board the Vessel;   72
(iv)  ensuring that the Crew shall have a command of the English   73
       language of a sufficient standard to enable them to perform   74
       their duties safely;                                                                 75
(v)   arranging transportation of the Crew, including repatriation;   76
(vi)  training of the Crew and supervising their efficiency;     77
(vii) conducting union negotiations;                                           78
(viii) operating the Managers' drug and alcohol policy unless     79
       otherwise agreed.                                                                 80

**3.2 Technical Management**                                                         81
(only applicable if agreed according to Box 6)                           82
The Managers shall provide technical management which     83
includes, but is not limited to, the following functions:           84
(i)    provision of competent personnel to supervise the     85
       maintenance and general efficiency of the Vessel;           86
(ii)   arrangement and supervision of dry dockings, repairs,     87
       alterations and the upkeep of the Vessel to the standards   88
       required by the Owners provided that the Managers shall   89
       be entitled to incur the necessary expenditure to ensure   90
       that the Vessel will comply with the law of the flag of the   91
       Vessel and of the places where she trades, and all     92
       requirements and recommendations of the classification   93
       society;                                                                                    94
(iii)  arrangement of the supply of necessary stores, spares and   95
       lubricating oil;                                                                         96
(iv)  appointment of surveyors and technical consultants as the   97
       Managers may consider from time to time to be necessary;   98
(v)   development, implementation and maintenance of a Safety   99
       Management System (SMS) in accordance with the ISM     100
       Code (see sub-clauses 4.2 and 5.3).                                  101

**3.3 Commercial Management**                                                     102
(only applicable if agreed according to Box 7)                           103
The Managers shall provide the commercial operation of the     104
Vessel, as required by the Owners, which includes, but is not     105
limited to, the following functions:                                               106
(i)    providing chartering services in accordance with the Owners'   107
       instructions which include, but are not limited to, seeking   108
       and negotiating employment for the Vessel and the conclusion   109
       (including the execution thereof) of charter parties or other   110
       contracts relating to the employment of the Vessel. If such a   111
       contract exceeds the period stated in Box 13, consent thereto   112
       in writing shall first be obtained from the Owners.           113
(ii)   arranging of the proper payment to Owners or their nominees   114
       of all hire and/or freight revenues or other moneys of     115
       whatsoever nature to which Owners may be entitled arising   116
       out of the employment of or otherwise in connection with the   117
       Vessel.                                                                                    118
(iii)  providing voyage estimates and accounts and calculating of   119
       hire, freights, demurrage and/or despatch moneys due from   120
       or due to the charterers of the Vessel;                               121
(iv)  issuing of voyage instructions;                                           122
(v)   appointing agents;                                                               123
(vi)  appointing stevedores;                                                         124
(vii) arranging surveys associated with the commercial operation   125
       of the Vessel.                                                                       126

**3.4 Insurance Arrangements**                                                     127

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

## PART II ·
## "Shipman 98" Standard Ship Management Agreement

(only applicable if agreed according to Box 8) 128
The Managers shall arrange insurances in accordance with 129
Clause 6, on such terms and conditions as the Owners shall 130
have instructed or agreed, in particular regarding conditions, 131
insured values, deductibles and franchises. 132

**1.5 Accounting Services** 133
(only applicable if agreed according to Box 9) 134
The Managers shall: 135
(i)   establish an accounting system which meets the 136
      requirements of the Owners and provide regular accounting 137
      services, supply regular reports and records. 138
(ii)  maintain the records of all costs and expenditure incurred 139
      as well as data necessary or proper for the settlement of 140
      accounts between the parties. 141

**1.6 Sale or Purchase of the Vessel** 142
(only applicable if agreed according to Box 10) 143
The Managers shall, in accordance with the Owners' instructions, 144
supervise the sale or purchase of the Vessel, including the 145
performance of any sale or purchase agreement, but not 146
negotiation of the same. 147

**1.7 Provisions** (only applicable if agreed according to Box 11) 148
The Managers shall arrange for the supply of provisions. 149

**1.8 Bunkering** (only applicable if agreed according to Box 12) 150
The Managers shall arrange for the provision of bunker fuel of the 151
quality specified by the Owners as required for the Vessel's trade. 152

**4. Managers' Obligations** 153
4.1 The Managers undertake to use their best endeavours to 154
provide the agreed Management Services as agents for and on 155
behalf of the Owners in accordance with sound ship management 156
practice and to protect and promote the interests of the Owners in 157
all matters relating to the provision of services hereunder. 158
Provided, however, that the Managers in the performance of their 159
management responsibilities under this Agreement shall be entitled 160
to have regard to their overall responsibility in relation to all vessels 161
as may from time to time be entrusted to their management and 162
in particular, but without prejudice to the generality of the foregoing, 163
the Managers shall be entitled to allocate available supplies, 164
manpower and services in such manner as in the prevailing 165
circumstances the Managers in their absolute discretion consider 166
to be fair and reasonable. 167
4.2 Where the Managers are providing Technical Management 168
in accordance with sub-clause 3.2, they shall procure that the 169
requirements of the law of the flag of the Vessel are satisfied and 170
they shall in particular be deemed to be the "Company" as defined 171
by the ISM Code, assuming the responsibility for the operation of 172
the Vessel and taking over the duties and responsibilities imposed 173
by the ISM Code when applicable. 174

**5. Owners' Obligations** 175
5.1 The Owners shall pay all sums due to the Managers punctually 176
in accordance with the terms of this Agreement. 177
5.2 Where the Managers are providing Technical Management 178
in accordance with sub-clause 3.2, the Owners shall: 179
(i)   procure that all officers and ratings supplied by them or on 180
      their behalf comply with the requirements of STCW 95; 181
(ii)  instruct such officers and ratings to obey all reasonable orders 182
      of the Managers in connection with the operation of the 183
      Managers' safety management system. 184
5.3 Where the Managers are not providing Technical Management 185
in accordance with sub-clause 3.2, the Owners shall procure that 186
the requirements of the law of the flag of the Vessel are satisfied 187
and that they, or such other entity as may be appointed by them 188

and identified to the Managers, shall be deemed to be the 189
"Company" as defined by the ISM Code assuming the responsibility 190
for the operation of the Vessel and taking over the duties and 191
responsibilities imposed by the ISM Code when applicable. 192

**6. Insurance Policies** 193
The Owners shall procure, whether by instructing the Managers 194
under sub-clause 3.4 or otherwise, that throughout the period of 195
this Agreement: 196
6.1 at the Owners' expense, the Vessel is insured for not less 197
than her sound market value or entered for her full gross tonnage, 198
as the case may be for: 199
(i)   usual hull and machinery marine risks (including crew 200
      negligence) and excess liabilities; 201
(ii)  protection and indemnity risks (including pollution risks and 202
      Crew Insurances); and 203
(iii) war risks (including protection and indemnity and crew risks) 204
      in accordance with the best practice of prudent owners of 205
      vessels of a similar type to the Vessel, with first class insurance 206
      companies, underwriters or associations ("the Owners' 207
      Insurances"); 208
6.2 all premiums and calls on the Owners' Insurances are paid 209
promptly by their due date, 210
6.3 the Owners' Insurances name the Managers and, subject 211
to underwriters' agreement, any third party designated by the 212
Managers as a joint assured, with full cover, with the Owners 213
obtaining cover in respect of each of the insurances specified in 214
sub-clause 6.1: 215
(i)   on terms whereby the Managers and any such third party 216
      are liable in respect of premiums or calls arising in connection 217
      with the Owners' Insurances; or 218
(ii)  if reasonably obtainable, on terms such that neither the 219
      Managers nor any such third party shall be under any 220
      liability in respect of premiums or calls arising in connection 221
      with the Owners' Insurances; or 222
(iii) on such other terms as may be agreed in writing. 223
Indicate alternative (i), (ii) or (iii) in Box 14. If Box 14 is left 224
blank then (i) applies. 225
6.4 written evidence is provided, to the reasonable satisfaction 226
of the Managers, of their compliance with their obligations under 227
Clause 6 within a reasonable time of the commencement of 228
the Agreement, and of each renewal date and, if specifically 229
requested, of each payment date of the Owners' Insurances. 230

**7. Income Collected and Expenses Paid on Behalf of Owners** 231
7.1 All moneys collected by the Managers under the terms of 232
this Agreement (other than moneys payable by the Owners to 233
the Managers) and any interest thereon shall be held to the 234
credit of the Owners in a separate bank account. 235
7.2 All expenses incurred by the Managers under the terms 236
of this Agreement on behalf of the Owners (including expenses 237
as provided in Clause 8) may be debited against the Owners 238
in the account referred to under sub-clause 7.1 but shall in any 239
event remain payable by the Owners to the Managers on 240
demand. 241

**8. Management Fee** 242
8.1 The Owners shall pay to the Managers for their services 243
as Managers under this Agreement an annual management 244
fee as stated in Box 15 which shall be payable by equal 245
monthly instalments in advance, the first instalment being 246
payable on the commencement of this Agreement (see Clause 247
2 and Box 4) and subsequent instalments being payable every 248
month. 249
8.2 The management fee shall be subject to an annual review 250
on the anniversary date of the Agreement and the proposed 251
fee shall be presented in the annual budget referred to in sub- 252

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**PART II**
**"Shipman 98" Standard Ship Management Agreement**

clause 9.1. — 253

8.3 The Managers shall, at no extra cost to the Owners, provide their own office accommodation, office staff, facilities and stationery. Without limiting the generality of Clause 7 the Owners shall reimburse the Managers for postage and communication expenses, travelling expenses, and other out of pocket expenses properly incurred by the Managers in pursuance of the Management Services. — 254-260

8.4 In the event of the appointment of the Managers being terminated by the Owners or the Managers in accordance with the provisions of Clauses 17 and 18 other than by reason of default by the Managers, or if the Vessel is lost, sold or otherwise disposed of, the "management fee" payable to the Managers according to the provisions of sub-clause 8.1, shall continue to be payable for a further period of three calendar months as from the termination date. In addition, provided that the Managers provide Crew for the Vessel in accordance with sub-clause 3.1: — 261-270

(i) the Owners shall continue to pay Crew Support Costs during the said further period of three calendar months and — 271-272

(ii) the Owners shall pay an equitable proportion of any Severance Costs which may materialize, not exceeding the amount stated in Box 16. — 273-275

8.5 If the Owners decide to lay-up the Vessel whilst this Agreement remains in force and such lay-up lasts for more than three months, an appropriate reduction of the management fee for the period exceeding three months until one month before the Vessel is again put into service shall be mutually agreed between the parties. — 276-281

8.6 Unless otherwise agreed in writing all discounts and commissions obtained by the Managers in the course of the management of the Vessel shall be credited to the Owners. — 282-284

**9. Budgets and Management of Funds** — 285

9.1 The Managers shall present to the Owners annually a budget for the following twelve months in such form as the Owners require. The budget for the first year hereof is set out in Annex "C" hereto. Subsequent annual budgets shall be prepared by the Managers and submitted to the Owners not less than three months before the anniversary date of the commencement of this Agreement (see Clause 2 and Box 4). — 286-292

9.2 The Owners shall indicate to the Managers their acceptance and approval of the annual budget within one month of presentation and in the absence of any such indication the Managers shall be entitled to assume that the Owners have accepted the proposed budget. — 293-297

9.3 Following the agreement of the budget, the Managers shall prepare and present to the Owners their estimate of the working capital requirement of the Vessel and the Managers shall each month up-date this estimate. Based thereon, the Managers shall each month request the Owners in writing for the funds required to run the Vessel for the ensuing month, including the payment of any occasional or extraordinary item of expenditure, such as emergency repair costs, additional insurance premiums, bunkers or provisions. Such funds shall be received by the Managers within ten running days after the receipt by the Owners of the Managers' written request and shall be held to the credit of the Owners in a separate bank account. — 298-309

9.4 The Managers shall produce a comparison between budgeted and actual income and expenditure of the Vessel in such form as required by the Owners monthly or at such other intervals as mutually agreed. — 310-313

9.5 Notwithstanding anything contained herein to the contrary, the Managers shall in no circumstances be required to use or commit their own funds to finance the provision of the Management Services. — 314-317

**10. Managers' Right to Sub-Contract** — 318

The Managers shall not have the right to sub-contract any of their obligations hereunder, including those mentioned in sub-clause 3.1, without the prior written consent of the Owners which shall not be unreasonably withheld. In the event of such sub-contract the Managers shall remain fully liable for the due performance of their obligations under this Agreement. — 319-324

**11. Responsibilities** — 325

11.1 *Force Majeure* - Neither the Owners nor the Managers shall be under any liability for any failure to perform any of their obligations hereunder by reason of any cause whatsoever of any nature or kind beyond their reasonable control. — 326-329

11.2 *Liability to Owners* - (i) Without prejudice to sub-clause 11.1, the Managers shall be under no liability whatsoever to the Owners for any loss, damage, delay or expense of whatsoever nature, whether direct or indirect, (including but not limited to loss of profit arising out of or in connection with detention of or delay to the Vessel) and howsoever arising in the course of performance of the Management Services UNLESS same is proved to have resulted solely from the negligence, gross negligence or wilful default of the Managers or their employees, or agents or sub-contractors employed by them in connection with the Vessel, in which case (save where loss, damage, delay or expense has resulted from the Managers' personal act or omission committed with the intent to cause same or recklessly and with knowledge that such loss, damage, delay or expense would probably result) the Managers' liability for each incident or series of incidents giving rise to a claim or claims shall never exceed a total of ten times the annual management fee payable hereunder. — 330-347

(ii) Notwithstanding anything that may appear to the contrary in this Agreement, the Managers shall not be liable for any of the actions of the Crew, even if such actions are negligent, grossly negligent or wilful, except only to the extent that they are shown to have resulted from a failure by the Managers to discharge their obligations under sub-clause 3.1, in which case their liability shall be limited in accordance with the terms of this Clause 11. — 348-354

11.3 *Indemnity* - Except to the extent and solely for the amount therein set out that the Managers would be liable under sub-clause 11.2, the Owners hereby undertake to keep the Managers and their employees, agents and sub-contractors indemnified and to hold them harmless against all actions, proceedings, claims, demands or liabilities whatsoever or howsoever arising which may be brought against them or incurred or suffered by them arising out of or in connection with the performance of the Agreement, and against and in respect of all costs, losses, damages and expenses (including legal costs and expenses on a full indemnity basis) which the Managers may suffer or incur (either directly or indirectly) in the course of the performance of this Agreement. — 355-367

11.4 *"Himalaya"* - It is hereby expressly agreed that no employee or agent of the Managers (including every sub-contractor from time to time employed by the Managers) shall in any circumstances whatsoever be under any liability whatsoever to the Owners for any loss, damage or delay of whatsoever kind arising or resulting directly or indirectly from any act, neglect or default on his part while acting in the course of or in connection with his employment and, without prejudice to the generality of the foregoing provisions in this Clause 11, every exemption, limitation, condition and liberty herein contained and every right, exemption from liability, defence and immunity of whatsoever nature applicable to the Managers or to which the Managers are entitled hereunder shall also be available and shall extend to protect every such employee or agent of the Managers acting as aforesaid and for the purpose of all the foregoing provisions of this Clause 11 the Managers are or shall be deemed to be — 368-383

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**PART II**
**"Shipman 98" Standard Ship Management Agreement**

acting as agent or trustee on behalf of and for the benefit of all 384
persons who are or might be their servants or agents from time 385
to time (including sub-contractors as aforesaid) and all such 386
persons shall to this extent be or be deemed to be parties to this 387
Agreement. 388

**12. Documentation** 389
Where the Managers are providing Technical Management in 390
accordance with sub-clause 3.2 and/or Crew Management in 391
accordance with sub-clause 3.1, they shall make available, 392
upon Owners' request, all documentation and records related 393
to the Safety Management System (SMS) and/or the Crew 394
which the Owners need in order to demonstrate compliance 395
with the ISM Code and STCW 95 or to defend a claim against 396
a third party. 397

**13. General Administration** 398
13.1 The Managers shall handle and settle all claims arising 399
out of the Management Services hereunder and keep the Owners 400
informed regarding any incident of which the Managers become 401
aware which gives or may give rise to claims or disputes involving 402
third parties. 403
13.2 The Managers shall, as instructed by the Owners, bring 404
or defend actions, suits or proceedings in connection with matters 405
entrusted to the Managers according to this Agreement. 406
13.3 The Managers shall also have power to obtain legal or 407
technical or other outside expert advice in relation to the handling 408
and settlement of claims and disputes or all other matters 409
affecting the interests of the Owners in respect of the Vessel. 410
13.4 The Owners shall arrange for the provision of any 411
necessary guarantee bond or other security. 412
13.5 Any costs reasonably incurred by the Managers in 413
carrying out their obligations according to Clause 13 shall be 414
reimbursed by the Owners. 415

**14. Auditing** 416
The Managers shall at all times maintain and keep true and 417
correct accounts and shall make the same available for inspection 418
and auditing by the Owners at such times as may be mutually 419
agreed. On the termination, for whatever reasons, of this 420
Agreement, the Managers shall release to the Owners, if so 421
requested, the originals where possible, or otherwise certified 422
copies, of all such accounts and all documents specifically relating 423
to the Vessel and her operation. 424

**15. Inspection of Vessel** 425
The Owners shall have the right at any time after giving 426
reasonable notice to the Managers to inspect the Vessel for any 427
reason they consider necessary. 428

**16. Compliance with Laws and Regulations** 429
The Managers will not do or permit to be done anything which 430
might cause any breach or infringement of the laws and 431
regulations of the Vessel's flag, or of the places where she trades. 432

**17. Duration of the Agreement** 433
This Agreement shall come into effect on the day and year stated 434
in Box 4 and shall continue until the date stated in Box 17. 435
Thereafter it shall continue until terminated by either party giving 436
to the other notice in writing, in which event the Agreement shall 437
terminate upon the expiration of a period of two months from the 438
date upon which such notice was given. 439

**18. Termination** 440
18.1 *Owners' default* 441
(i) The Managers shall be entitled to terminate the Agreement 442
with immediate effect by notice in writing if any moneys 443

payable by the Owners under this Agreement and/or the 444
owners of any associated vessel, details of which are listed 445
in Annex "D", shall not have been received in the Managers' 446
nominated account within ten running days of receipt by 447
the Owners of the Managers written request or if the Vessel 448
is repossessed by the Mortgagees. 449
(ii) If the Owners: 450
(a) fail to meet their obligations under sub-clauses 5.2 451
and 5.3 of this Agreement for any reason within their 452
control, or 453
(b) proceed with the employment of or continue to employ 454
the Vessel in the carriage of contraband, blockade 455
running, or in an unlawful trade, or on a voyage which 456
in the reasonable opinion of the Managers is unduly 457
hazardous or improper, 458
the Managers may give notice of the default to the Owners, 459
requiring them to remedy it as soon as practically possible. 460
In the event that the Owners fail to remedy it within a 461
reasonable time to the satisfaction of the Managers, the 462
Managers shall be entitled to terminate the Agreement 463
with immediate effect by notice in writing. 464
18.2 *Managers' Default* 465
If the Managers fail to meet their obligations under Clauses 3 466
and 4 of this Agreement for any reason within the control of the 467
Managers, the Owners may give notice to the Managers of the 468
default, requiring them to remedy it as soon as practically 469
possible. In the event that the Managers fail to remedy it within a 470
reasonable time to the satisfaction of the Owners, the Owners 471
shall be entitled to terminate the Agreement with immediate effect 472
by notice in writing. 473
18.3 *Extraordinary Termination* 474
This Agreement shall be deemed to be terminated in the case of 475
the sale of the Vessel or if the Vessel becomes a total loss or is 476
declared as a constructive or compromised or arranged total 477
loss or is requisitioned. 478
18.4 For the purpose of sub-clause 18.3 hereof 479
(i) the date upon which the Vessel is to be treated as having 480
been sold or otherwise disposed of shall be the date on 481
which the Owners cease to be registered as Owners of 482
the Vessel; 483
(ii) the Vessel shall not be deemed to be lost unless either 484
she has become an actual total loss or agreement has 485
been reached with her underwriters in respect of her 486
constructive, compromised or arranged total loss or if such 487
agreement with her underwriters is not reached it is 488
adjudged by a competent tribunal that a constructive loss 489
of the Vessel has occurred. 490
18.5 This Agreement shall terminate forthwith in the event of 491
an order being made or resolution passed for the winding up, 492
dissolution, liquidation or bankruptcy of either party (otherwise 493
than for the purpose of reconstruction or amalgamation) or if a 494
receiver is appointed, or if it suspends payment, ceases to carry 495
on business or makes any special arrangement or composition 496
with its creditors. 497
18.6 The termination of this Agreement shall be without 498
prejudice to all rights accrued due between the parties prior to 499
the date of termination. 500

**19. Law and Arbitration** 501
19.1 This Agreement shall be governed by and construed in 502
accordance with English law and any dispute arising out of or 503
in connection with this Agreement shall be referred to arbitration 504
in London in accordance with the Arbitration Act 1996 or 505
any statutory modification or re-enactment thereof save to 506
the extent necessary to give effect to the provisions of this 507
Clause. 508
The arbitration shall be conducted in accordance with the 509

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**PART II**
**"Shipman 98" Standard Ship Management Agreement**

London Maritime Arbitrators Association (LMAA) Terms 510
current at the time when the arbitration proceedings are 511
commenced. 512
The reference shall be to three arbitrators. A party wishing 513
to refer a dispute to arbitration shall appoint its arbitrator 514
and send notice of such appointment in writing to the other 515
party requiring the other party to appoint its own arbitrator 516
within 14 calendar days of that notice and stating that it will 517
appoint its arbitrator as sole arbitrator unless the other party 518
appoints its own arbitrator and gives notice that it has done 519
so within the 14 days specified. If the other party does not 520
appoint its own arbitrator and give notice that it has done so 521
within the 14 days specified, the party referring a dispute to 522
arbitration may, without the requirement of any further prior 523
notice to the other party, appoint its arbitrator as sole 524
arbitrator and shall advise the other party accordingly. The 525
award of a sole arbitrator shall be binding on both parties 526
as if he had been appointed by agreement. 527
Nothing herein shall prevent the parties agreeing in writing 528
to vary these provisions to provide for the appointment of a 529
sole arbitrator. 530
In cases where neither the claim nor any counterclaim 531
exceeds the sum of USD50,000 (or such other sum as the 532
parties may agree) the arbitration shall be conducted in 533
accordance with the LMAA Small Claims Procedure current 534
at the time when the arbitration proceedings are commenced. 535
19.2 This Agreement shall be governed by and construed 536
in accordance with Title 9 of the United States Code and 537
the Maritime Law of the United States and any dispute 538
arising out of or in connection with this Agreement shall be 539
referred to three persons at New York, one to be appointed 540
by each of the parties hereto, and the third by the two so 541
chosen; their decision or that of any two of them shall be 542
final, and for the purposes of enforcing any award, 543
judgement may be entered on an award by any court of 544
competent jurisdiction. The proceedings shall be conducted 545
in accordance with the rules of the Society of Maritime 546
Arbitrators, Inc. 547
In cases where neither the claim nor any counterclaim 548
exceeds the sum of USD50,000 (or such other sum as the 549
parties may agree) the arbitration shall be conducted in 550
accordance with the Shortened Arbitration Procedure of the 551
Society of Maritime Arbitrators, Inc. current at the time when 552
the arbitration proceedings are commenced. 553
19.3 This Agreement shall be governed by and construed 554
in accordance with the laws of the place mutually agreed by 555
the parties and any dispute arising out of or in connection 556
with this Agreement shall be referred to arbitration at a 557
mutually agreed place, subject to the procedures applicable 558
there. 559
19.4 If Box 18 in Part I is not appropriately filled in, sub- 560
clause 19.1 of this Clause shall apply. 561

*Note: 19.1, 19.2 and 19.3 are alternatives; indicate* 562
*alternative agreed in Box 18.* 563

**20. Notices** 564
20.1 Any notice to be given by either party to the other 565
party shall be in writing and may be sent by fax, telex, 566
registered or recorded mail or by personal service. 567
20.2 The address of the Parties for service of such 568
communication shall be as stated in Boxes 19 and 20, 569
respectively. 570

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**ANNEX "A" (DETAILS OF VESSEL OR VESSELS) TO**
**THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)**
**STANDARD SHIP MANAGEMENT AGREEMENT - CODE NAME: "SHIPMAN 98"**

Date of Agreement:

Name of Vessel(s):

Particulars of Vessel(s):

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**ANNEX "B" (DETAILS OF CREW) TO**
**THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)**
**STANDARD SHIP MANAGEMENT AGREEMENT - CODE NAME: "SHIPMAN 98"**

Date of Agreement:

Details of Crew:

| Numbers | Rank | Nationality |
|---------|------|-------------|

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**ANNEX "C" (BUDGET) TO**
**THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)**
**STANDARD SHIP MANAGEMENT AGREEMENT - CODE NAME: "SHIPMAN 98"**

Date of Agreement:

Managers' Budget for the first year with effect from the Commencement Date of this
Agreement:

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

ANNEX "D" (ASSOCIATED VESSELS) TO
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)
STANDARD SHIP MANAGEMENT AGREEMENT - CODE NAME: "SHIPMAN 98"

NOTE: PARTIES SHOULD BE AWARE THAT BY COMPLETING THIS ANNEX "D"
THEY WILL BE SUBJECT TO THE PROVISIONS OF SUB-CLAUSE 18.1(i) OF THIS
AGREEMENT.

Date of Agreement:

Details of Associated Vessels:

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

EXHIBIT II

## MANAGEMENT FEES

1.     **Administrative Fee:**  Commencing on the date of the Original MCSA, an administrative fee of $500,000 per annum, and pro rata for any portion of a year (the "*Administrative Fee*"), shall be payable by APT Parent to the Manager on a monthly basis, in arrears until the Expiration Date.

The Administrative Fee is based on APT's, APT Parent's, APT Holding's and the Subsidiaries' status as non-public, non-SEC reporting companies.  In the event that APT, APT Parent or APT Holding becomes a public company, or is merged into or acquired by a public company, or, if as a result of a high yield bond offering, it becomes a SEC reporting company, the parties agree that the Administrative Fee shall be revised to take into account reasonable additional accounting and reporting requirements.  In the event that a revised Administrative Fee is not agreed by the parties acting in good faith within sixty (60) days of APT, APT Parent or APT Holding becoming a public, SEC reporting company, this Agreement may be terminated by the Manager upon thirty (30) days written notice to APT, APT Parent and APT Holding.  Clause 8(b)(i) herein notwithstanding, termination by the Manager under this provision shall not be deemed a default giving rise to an Owner's termination right under Supplemental Clauses to Standard Ship Management Agreement, Clause 18.2 of the Ship Management Agreements.

Under this Agreement, APT, APT Parent or APT Holding will be a public, SEC reporting company when subject to the statutory requirement that public companies submit quarterly and annual reports, as well as other periodic reports, to the U.S. Securities and Exchange Commission (the "*SEC*").

2.     **Construction Oversight Fee:**  In addition to the Administrative Fee, during the period commencing on the date of the Original MCSA and ending on the Delivery Date for the final Vessel delivered under the Construction Contract, a construction oversight fee of $250,000 per annum, and pro rata for any portion of a year shall be payable by APT or on behalf of APT by APT Parent to the Manager on a monthly basis, in arrears.

19115334 v4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

19116033 v3

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

19116033 v3

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

19116033 v3

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



CONFIDENTIAL BUSINESS INFORMATION

Cc
Ex
to

CONFIDENTIAL BUSINESS INFORMATION

Con
Exe
to 5

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

2

19108804 v1



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

3

19108804 v1

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

19108804 v1



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

5

19108804 v1



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

6

19108804 v1



CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

7

19108804 v1



491

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidei
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential _ _____ _____
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

**2**

19111595 v2

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

**3**

19111595 v2

CONFIDENTIAL BUSINESS INFORMATION

4

19111595 v2

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

5

19111595 v2

CONFIDENTIAL BUSINESS INFORMATION

6

19111595 v2

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

7

19111595 v2

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confiden.......................
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confi
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

2                                    19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

**3**                                                    **19117444 v1**

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

**4**

19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

5                                        19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

6

19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

7                                      19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

8

19117444 v1

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

:

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

**Confidential Business Information**
**Exempt from FOIA Disclosure Pursuant**
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confi
Exem
to 5 U

CONFIDENTIAL BUSINESS INFORMATION

Co
Exe
to 5

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

## Construction Supervision Team - Qualifications

**Francis B. Washburn**

- Massachusetts Maritime Academy, BS Marine & Electrical Engineer

- U.S.C.G. License: Chief Engineer Steam, Motor or Gas Turbine Vessels of any horsepower. Serial No. 1149642, valid to 24 August 2011.

- 10-1-2007 to Present: Chief Resident Inspector (Site Manager) for Herbert Engineering Corp. building Product Tankers at NASSCO for Crowley/APT.

- 12-10-2005 to 9-15-2007: Port Engineer for Maersk Lines Limited on SL-7 Class vessels in New Orleans, LA

- 2002-2005: Northrop Grumman Ship Systems at Avondale, Test Superintendent for LPD-17-18-20 (Test & Trials). Chief Engineer for all Dock and Sea Trials at Ingalls and Avondale Shipyards. Assigned part time to US Navy DO (X) project for integrated gas turbine/electric propulsion.

- 2000-2002: Port Engineer for American Management Systems with the U.S. Navy Aegis Cruisers *Ticonderoga* and *Yorktown* based at Pascagoula, MS. Acted as a COMNAVSURFLANT Point of Contact and Type Commander representative for planning and execution of all off-ship (other than ships force) maintenance availabilities. On site Port Engineer for rebuild of DDG *USS Cole* and Chief Engineer on Sea Trials.

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

## Construction Supervision Team - Qualifications

**Jaesog Park**

- Bachelor Degree in Mechanical Engineering 4 years at Kyung Hee University, in February, 1994, Seoul.

- US Shipping/Crowley San Diego, NASSCO Shipyard, USA
  Duration: Jan 2007 - 2010
  Responsibilities: responsible for Machinery inspector of 49K Chemical Carrier

- Aker Philadelphia Shipyard, Philadelphia, USA
  Duration: August 2006 - 2007
  Responsibilities: responsible for commissioning engineer of 46K Chemical Carrier.

- OSG Ship Management, Inc., Ulsan Hyundai shipyard, Korea
  Duration: August 2006 - 2007
  Responsibilities: Mechanical Inspector of 216K LNG.

- Shell Sakhalin, Geoje Samsung shipyard, Korea
  Duration: August 2006
  Responsibilities: responsible for Drilling mechanical commissioning engineer;
  Mechanical completion inspection, Punch list report, Site instruction, made Test and
  Commissioning plan.

- Amerada Hess Corporation, Geoje Samsung shipyard, Korea
  Duration: August 2005 - 2006
  Designation: Mechanical Inspector
  Responsibilities: responsible for Mechanical & Piping Inspector of TLP.

- Hamworthy, Pusan, Korea
  Duration: December 2003 - 2005
  Designation: Field Commissioning Engineer (Mechanical and Electrical)
  Responsibilities: responsible for Inert Gas system field commissioning Engineer,
  Coordinator of Cargo pump.

- Hyundai Heavy Industry Ltd. Ulsan, Korea
  Duration: 1993 - 2003
  Designation: Project manager
  Responsibilities: responsible for Machinery and Outfitting handling (Piping, Machinery,
  Hull Structure, Etc.) test and commissioning with sea trial, schedule controller.

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

## Construction Supervision Team - Qualifications

**Del Sanchez**
- NASSCO for 14+ years.  Started as a production welder and then moved to Pipe and code welding.  Welding experience of 12 years.  Also worked for NASSCO-General Dynamics for 4+ years in the Q.A. Department as Senior Quality Assurance of steel production on contracts for British Petroleum, T.A.K.E. Navy and currently on the Product Carrier.

- Certified Welding Inspector with American Welding Society for 5 years.  Currently working on the P.C. contract with Herbert Engineering Co.  Resident Hull Structural Steel Inspector for 18 months.

**John Zambel**
- Certified Coating Inspector through the National Association of Corrosion Engineers; have over 35 years working in the Marine Field mainly on Naval Ships and Tank Farms for the Military.

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09177047-1657390-001

# AMERICAN BUREAU OF SHIPPING

CHARTERED
1862

NUMBER
09177047

## CERTIFICATE OF CLASSIFICATION

**GOLDEN STATE**

*Description* DOUBLE HULL OIL AND CHEMICAL CARRIER

*Dimensions, Length* 174 m     *Breadth* 32.2 m     *Depth* 19 m

*Tonnage, Gross* 29527     *Net* 12859

*Owner* JV TANKER CHARTERER LLC

*Shipbuilder* GENERAL DYNAMICS NASSCO

*Engine Builder* MAN B&W/Doosan

*Year of Build* 2009     *Hull Number* 501

*This is to Certify that the above has been surveyed in accordance with the Rules of this Bureau and entered in the Record with the Class*

     ✠A1, Chemical Carrier, Oil Carrier, ⊚, ✠AMS, ✠ACCU, VEC, FL 25, SH, SHCM

28 April 2009                     08 January 2014

Issue Date                                 Expiration Date

*M. C. Adams*

Chief Surveyor                              Assistant Secretary

NOTE: This certificate evidences compliance with one or more of the Rules, Guides, standards or other criteria of American Bureau of Shipping and is issued solely for the use of the Bureau, its committees, its clients or other authorized entities. The classification certificate is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by this certificate has met one or more of the Rules of American Bureau of Shipping. The certificate is governed by the terms and conditions on the reverse side hereof, and governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof.

PAGE 1 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09177047-1657390-001

## TERMS AND CONDITIONS

**1.** The issuance and interpretation of the class certificate is subject to the terms and conditions of the "Request for Classification and Agreement" (hereinafter "the Agreement") which are hereby incorporated by reference.

**2. REPRESENTATIONS AS TO CLASSIFICATION**

Classification is a representation by ABS as to the structural and mechanical fitness for a particular use or service in accordance with its Rules and standards. The Rules of American Bureau of Shipping are not meant as a substitute for the independent judgment of professional designers, naval architects and marine engineers nor as a substitute for the quality control procedures of shipbuilders, engine builders, steel makers suppliers, manufacturers and sellers of marine vessels, materials, machinery or equipment. ABS being a technical society can only act through Surveyors or others who are believed by it to be skilled and competent.

ABS represents solely to the vessel Owner or other client (hereinafter "Client") of ABS that when assigning class it will use due diligence in the development of Rules, Guides and standards and in using normally applied testing standards, procedures and techniques as called for by the Rules, Guides, standards or other criteria of ABS for the purpose of assigning and maintaining class. ABS further represents to the Client of ABS that its certificates and reports evidence compliance only with one or more of the Rules, Guides, standards or other criteria of ABS in accordance with the terms of such certificate or report. Under no circumstances whatsoever are these representations to be deemed to relate to any third party.

**3. RESPONSIBILITY AND LIABILITY**

It is understood and agreed that the class certificate (hereinafter referred to as "certificate") issued as part of the services rendered under the Agreement is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by a certificate has met one or more of the Rules or standards of American Bureau of Shipping and is issued solely for the use of ABS, its customers, clients or other authorized entities. The validity, applicability and interpretation of a certificate issued under the terms of or in contemplation of the Agreement is governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof. Nothing contained in this certificate or in any report issued in contemplation of this certificate shall be deemed to relieve any designer, builder, owner, manufacturer, seller, supplier, repairer, operator or other entity of any warranty express or implied nor to create any interest, right, claim or benefit in any third party. It is understood and agreed that nothing expressed herein is intended or shall be construed to give any person, firm or corporation, other than the parties hereto, any right, remedy or claim thereunder or under any provisions herein contained; all provisions hereof are for the sole and exclusive benefit of the parties hereto.

**4. SUSPENSION AND CANCELLATION OF CLASS**

The continuance of the Classification of any vessel is conditional upon the Rule requirements for periodical, damage and other surveys being duly carried out. The Committee reserves the right to reconsider, withhold, suspend, or cancel the class of any vessel or any part of the machinery for noncompliance with the Rules, for defects reported by the Surveyors which have not been rectified in accordance with their recommendations, or for nonpayment of fees which are due on account of Classification, Statutory and Cargo Gear Surveys. Suspension or cancellation of class may take effect immediately or after a specified period of time.

**5. LIMITATION**

ABS makes no representations beyond those contained herein and in the provisions of the request for classification regarding its reports, statements, plan review, surveys, certificates or other services.

**6. HOLD HARMLESS**

THE PARTY TO WHOM THIS CERTIFICATE IS ISSUED, OR HIS ASSIGNEE OR SUCCESSOR IN INTEREST, AGREES TO RELEASE ABS AND TO INDEMNIFY AND HOLD HARMLESS ABS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LAWSUITS, OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS OR OTHER LEGAL ENTITIES AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS INCIDENTAL TO, ARISING OUT OF OR IN CONNECTION WITH THE WORK DONE, SERVICES PERFORMED OR MATERIAL TO BE FURNISHED UNDER THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS OR SUBCONTRACTORS.

ANY OTHER INDIVIDUAL OR PARTY WHO CLAIMS A RIGHT HEREUNDER OR WHO CLAIMS TO BE A BENEFICIARY OR ANY PORTION OF THE SERVICES RENDERED IN CONTEMPLATION OF THIS CERTIFICATE SHALL INDEMNIFY AND HOLD ABS HARMLESS FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS BY ANY PERSON OR ENTITY AS A RESULT OF THE SERVICES PERFORMED IN CONTEMPLATION OF THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS, OR SUBCONTRACTORS.

**7. LIMITATION OF LIABILITY**

THE COMBINED LIABILITY OF AMERICAN BUREAU OF SHIPPING, ITS COMMITTEES, OFFICERS, EMPLOYEES, AGENTS OR SUB-CONTRACTORS FOR ANY LOSS, CLAIM OR DAMAGE ARISING FROM ITS NEGLIGENT PERFORMANCE OR NONPERFORMANCE OF ANY OF ITS SERVICES OR FROM BREACH OF ANY IMPLIED OR EXPRESS WARRANTY OF WORKMANLIKE PERFORMANCE IN CONNECTION WITH THOSE SERVICES, OR FROM ANY OTHER REASON, TO ANY PERSON, CORPORATION, PARTNERSHIP, BUSINESS ENTITY, SOVEREIGN, COUNTRY OR NATION, WILL BE LIMITED TO THE GREATER OF (A) $100,000 OR B) AN AMOUNT EQUAL TO TEN TIMES THE SUM ACTUALLY PAID FOR THE SERVICES ALLEGED TO BE DEFICIENT.

THE LIMITATION OF LIABILITY MAY BE INCREASED UP TO AN AMOUNT TWENTY-FIVE (25) TIMES THAT SUM PAID FOR SERVICES UPON RECEIPT OF CLIENTS WRITTEN REQUEST AT OR BEFORE THE TIME OF PERFORMANCE OF SERVICES AND UPON PAYMENT BY CLIENT OF AN ADDITIONAL FEE OF $10.00 FOR EVERY $1,000.00 INCREASE IN THE LIMITATION.

**8. ARBITRATION**

Any and all differences and disputes of whatsoever nature arising out of this certificate shall be put to arbitration before a board of three persons, consisting of one arbitrator to be appointed by ABS, one by Client and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on an officer of the other party to specify further disputes or differences under this certificate for hearing and determination. The arbitrators may grant any relief other than punitive damages which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to specific performance. Awards made in pursuance to this clause may include costs including a reasonable allowance for attorney's fees and judgment may be entered upon any award made hereunder in any court having jurisdiction. ABS and Client hereby mutually waive any and all claims to punitive damages in any forum.

Client shall be required to notify ABS within thirty (30) days of the commencement of any arbitration between it and third parties which may concern ABS's work in connection with this certificate and shall afford ABS an opportunity, at ABS's sole option, to participate in the arbitration.

PAGE 2 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09177047-1657390-001

## ADDITIONAL INFORMATION

### ICE CLASS NOTATION

MINIMUM ENGINE OUTPUT:

MAXIMUM ICE DRAUGHT FORWARD:

MINIMUM ICE DRAUGHT FORWARD:

MAXIMUM ICE DRAUGHT AMIDSHIPS:

MINIMUM ICE DRAUGHT AMIDSHIPS:

MAXIMUM ICE DRAUGHT AFT:

MINIMUM ICE DRAUGHT AFT:

### AUTOMATION NOTATION

NUMBER OF UNATTENDED HOURS:     24

### OPERATING RESTRICTIONS

### ADDITIONAL NOTATIONS

ESP, NVIC 2-95 Change 2 ACP, CRC, HHP

### RECORD COMMENTS

1) Certain tanks or compartments suitable for the carriage of liquids having a flash point at or below  60 degrees Celcius (140 degrees Farenheit).
2) Certain tanks or compartments suitable for the carriage of dangerous  chemicals in bulk.
3) Dead weight and displacement for this vessel have been calculated by the American Bureau of Shipping
4) Vessel has physical features for underwater inspection in lieu of drydocking survey (UWILD).
5) COW (Crude Oil Washing)

PAGE 3 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09177047-1657390-001

# ANNUAL SURVEY ENDORSEMENT

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

## INTERMEDIATE SURVEY ENDORSEMENT

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

## EXTENSION OF CLASS CERTIFICATE
## THIS CLASSIFICATION CERTIFICATE IS EXTENDED UNTIL

_____
Date

Place _____  Date _____

_____  Surveyor to the American Bureau of Shipping
(Signature)

Please note that the classification of this vessel is automatically suspended and the certificate automatically becomes invalid,
if not endorsed annually within three months of the due date of the annual survey, or if the certificate is not endorsed for
completion of the intermediate survey within three months of the due date of the third annual survey.

## THIS CERTIFICATE IS NOT A CONFIRMATION OF CLASS

PAGE 4 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

| | | Certification Date: | 09 Jan 2009 |
| --- | --- | --- | --- |
| | | Expiration Date: | 09 Jan 2014 |
| | | IMO Number: | 9407562 |



**United States of America**
**Department of Homeland Security**
**United States Coast Guard**

# Certificate of Inspection

For ships on international voyages this certificate fulfills the requirements of SOLAS 74 as amended, regulation V/14, for a SAFE MANNING DOCUMENT.

| Vessel Name | Official Number | Call Sign | Service |
| --- | --- | --- | --- |
| GOLDEN STATE | 1205805 | WHDV | Tank Ship |

| Hailing Port | Hull Material | Horsepower | Propulsion |
| --- | --- | --- | --- |
| WILMINGTON DE | Steel | 11640 | Diesel Direct |

| Place Built | Delivery Date / Date Keel Laid | Gross Tons | Net Tons | DWT | Length |
| --- | --- | --- | --- | --- | --- |
| SAN DIEGO, CA UNITED STATES | 08Jan2009 11Dec2007 | R- I-29527 | R- I-12659 | 46633 | R-600 4 I-600 4 |

| Owner | Operator |
| --- | --- |
| JV TANKER CHARTERER LLC ATTN: DAVID FOLEY 345 PARK AVENUE 31ST FL NEW YORK, NY 10154 UNITED STATES | INTREPID SHIP MANAGEMENT 9487 REGENCY SQUARE BLVD JACKSONVILLE, FL 32225 UNITED STATES |

This vessel must be manned with the following licensed and unlicensed personnel. Included in which there must be 4 certified lifeboatmen, 7 certified tankermen, 0 HSC type rating, and 4 GMDSS Operators.

| | | | |
| --- | --- | --- | --- |
| 1 Master | 0 Master & 1st Class pilot | 0 Radio Officer(s) | 1 Chief Engineer | 0 QMED/Rating |
| 1 Chief Mate | 0 Mate & 1st Class Pilot | 6 Able Seamen/ROANW | 1 1st Asst. Engr/2nd Engr. | 3 Oilers |
| 1 2nd Mate/OICNW | 0 Lic. Mate/OICNW | 0 Ordinary Seamen | 1 2nd Asst. Engr/3rd Engr. | |
| 1 3rd Mate/OICNW | 0 1st Class Pilot | 0 Deckhands | 1 3rd Asst. Engr. | |
| | | | 0 Lic. Engr. | |

In addition, this vessel may carry 0 passengers, 3 other persons in crew, 10 persons in addition to crew, and no others. Total persons allowed: 30

**Route Permitted and Conditions of Operation:**

---Oceans---

THIS VESSEL HAS BEEN INSPECTED AND CERTIFICATED IN ACCORDANCE WITH THE TERMS AND CONDITIONS SPECIFIED IN THE U.S. COAST GUARD'S ALTERNATE COMPLIANCE PROGRAM. DATE OF ENROLLMENT 09 JAN 2009. ABS CLASS ID NO.09177047.

THIS VESSEL MEETS REQUIREMENTS TO PARTICIPATE IN THE UNDERWATER INSPECTION IN LIEU OF DRYDOCK PROGRAM (UWILD) IAW NVIC 1-89 AND 2-95 CHANGE 2 IN ACCORDANCE WITH CG-5431 LETTER.

HIGH STRENGTH STEEL USED IN CONSTRUCTION REQUIRING SPECIAL WELDING PROCEDURES.   SEE CONSTRUCTION PORTFOLIO.

***SEE NEXT PAGE FOR ADDITIONAL CERTIFICATE INFORMATION***

With this Inspection for Certification having been completed at SAN DIEGO, CA, the Officer in Charge, Marine Inspection, SECTOR SAN DIEGO certified the vessel, in all respects, is in conformity with the applicable vessel inspection laws and the rules and regulations prescribed thereunder.

| Annual/Periodic/Quarterly Reinspections | | | | This Amended certificate issued by: |
| --- | --- | --- | --- | --- |
| Date | Zone | A/P/Q | Signature | |
| IFG in | STI SF | n | Met Quinn | C. J. WOODLEY, CDR By direction of the Officer in Charge, Marine Inspection |
| | | | | SECTOR SEATTLE |
| | | | | Inspection Zone |

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Department of Homeland Security
United States Coast Guard

## Certificate of Inspection

**GOLDEN STATE**

Certification Date:
09Jan2009

THE FOLLOWING TANKERMAN ARE REQUIRED:
   2 TANKERMAN PIC
   3 TANKERMAN ASSISTANTS
   2 TANKERMAN ENGINEERS

WHEN OPERATING ON AN INTERNATIONAL VOYAGE:

(1) ALL LICENSED INDIVIDUALS MUST HOLD LICENSES AUTHORIZING SERVICE ON VESSELS OF A
TONNAGE AT LEAST EQUAL TO THE VESSEL'S INTERNATIONAL TONNAGE;

(2) UNLICENSED SEAMEN PERFORMING NAVIGATIONAL WATCHKEEPING DUTIES MUST POSSESS MERCHANT
MARINER DOCUMENTS ENDORSED AS ABLE SEAMAN, OR ORDINARY SEAMAN WITH A LETTER OF
QUALIFICATION AND SPECIAL TRAINING AS PROVIDED IN NVIC 3-83. TWO (02)ORDINARY SEAMEN,
SPECIALLY TRAINED IN ACCORDANCE WITH NVIC 3-83, MAY BE SUBSTITUTED FOR A MAXIMUM OF TWO
(2) OF THESE ABLE SEAMEN.

### ---Liquid/Gas/Solid Cargo Authority/Conditions---

Authorization/ GRADE "A" AND LOWER AND SPECIFIED HAZARDOUS CARGOES
46CFR Subchapter D Authority: Highest Grade/A  Capacity/332230  Units/Barrel
46CFR Subchapter O Authority: Part 151/No  Part 153/Yes  Part 154/No

*Conditions of Carriage*
PER 46 CFR 150.130, THE PERSON IN CHARGE OF THE VESSEL IS RESPONSIBLE FOR ENSURING THAT
THE COMBATIBILITY REQUIRMENTS OF 46 CFR 150 ARE MET.

THIS VESSEL'S VAPOR CONTROL SYSTEM HAS BEEN INSPECTED TO THE PLANS (DSEC DWG DA379D103
REV A) EXAMINED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # KHK377606-1
DATED 01 OCT 2008 AND FOUND ACCEPTABLE FOR THE COLLECTION OF CARGO OIL VAPORS AND
SPECIFIED DANGEROUS CARGO VAPORS IN ACCORDANCE WITH 46 CFR PART 39.  A COPY OF THE VAPOR
CONTROL SYSTEM LIST OF CARGOES SHALL BE AVAILABLE FOR REFERENCE AT ALL TIMES.

**MARPOL ANNEX II AUTHORITY**
THIS VESSEL IS AUTHORIZED TO CARRY ONLY THOSE NLS CARGOES LISTED ON THE IMO CERTIFICATE
OF FITNESS. THE OPERATIONAL REQUIREMENTS OF 33 CFR 151.21 THROUGH 151.43 SHALL BE
FOLLOWED IN ADDITION TO ALL PROVISIONS OF THE PROCEDURES AND ARRANGEMENTS (P&A) MANUAL
APPROVED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER DATED 01 OCT 2008; DSEC DWG
DA381D101.

### ---Certificate Amendments---

*Current Amendment*
Port Amending/ Sector Seattle                    Date Amended/ 29Sep2009
-Remarks-
Changed operator name and address; and, owner address was changed by National Vessel
Documentation Center (NVDC).

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199087-1776214-001



# AMERICAN BUREAU OF SHIPPING

CHARTERED
1862

NUMBER
09199087

## CERTIFICATE OF CLASSIFICATION

**PELICAN STATE**

*Description* DOUBLE HULL OIL AND CHEMICAL CARRIER

*Dimensions, Length* 174 m         *Breadth* 32.2 m                *Depth* 19 m

*Tonnage, Gross* 29527             *Net* 12859

*Owner* PI2 PELICAN STATE LLC

*Shipbuilder* NATIONAL STEEL & SHIPBUILDING CORP

*Engine Builder* DOOSAN ENGINE CO.LTD.

*Year of Build* 2009               *Hull Number* 502

*This is to Certify that the above has been surveyed in accordance with the Rules of this Bureau and
entered in the Record with the Class*

✣A1, Chemical Carrier, Oil Carrier, Ⓢ, ✣AMS, ✣ACCU, VEC, FL 25, SH,
SHCM

17 December 2009                                          14 June 2014

*Issue Date*                                             *Expiration Date*

*Chief Surveyor*                                          *Assistant Secretary*

NOTE:  This certificate evidences compliance with one or more of the Rules, Guides, standards or other criteria of American
Bureau of Shipping and is issued solely for the use of the Bureau, its committees, its clients or other authorized entities. The
classification certificate is a representation only that the vessel, structure, item of material, equipment or machinery or any other
item covered by this certificate has met one or more of the Rules of American Bureau of Shipping. The certificate is governed by
the terms and conditions on the reverse side hereof, and governed by the Rules and standards of American Bureau of Shipping
who shall remain the sole judge thereof.

PAGE 1 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199087-1776214-001

## TERMS AND CONDITIONS

**1.**   The issuance and interpretation of the class certificate is subject to the terms and conditions of the "Request for Classification and Agreement" (hereinafter "the Agreement") which are hereby incorporated by reference.

**2.**   **REPRESENTATIONS AS TO CLASSIFICATION**

Classification is a representation by ABS as to the structural and mechanical fitness for a particular use or service in accordance with its Rules and standards.   The Rules of American Bureau of Shipping are not meant as a substitute for the independent judgment of professional designers, naval architects and marine engineers nor as a substitute for the quality control procedures of shipbuilders, engine builders, steel makers suppliers, manufacturers and sellers of marine vessels, materials, machinery or equipment.   ABS being a technical society can only act through Surveyors or others who are believed by it to be skilled and competent.

ABS represents solely to the vessel Owner or other client (hereinafter "Client") of ABS that when assigning class it will use due diligence in the development of Rules, Guides and standards and in using normally applied testing standards, procedures and techniques as called for by the Rules, Guides, standards or other criteria of ABS for the purpose of assigning and maintaining class.   ABS further represents to the Client of ABS that its certificates and reports evidence compliance only with one or more of the Rules, Guides, standards or other criteria of ABS in accordance with the terms of such certificate or report.   Under no circumstances whatsoever are these representations to be deemed to relate to any third party.

**3.**   **RESPONSIBILITY AND LIABILITY**

It is understood and agreed that the class certificate (hereinafter referred to as "certificate") issued as part of the services rendered under the Agreement is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by a certificate has met one or more of the Rules or standards of American Bureau of Shipping and is issued solely for the use of ABS, its committees, clients or other authorized entities.   The validity, applicability and interpretation of a certificate issued under the terms of or in contemplation of the Agreement is governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof.   Nothing contained in this certificate or in any report issued in contemplation of this certificate shall be deemed to relieve any designer, builder, owner, manufacturer, seller, supplier, repairer, operator or other entity of any warranty express or implied nor to create any interest, right, claim or benefit in any third party.   It is understood and agreed that nothing expressed herein is intended or shall be construed to give any person, firm or corporation, other than the parties hereto, any right, remedy or claim hereunder or under any provisions herein contained; all provisions hereof are for the sole and exclusive benefit of the parties hereto

**4.**   **SUSPENSION AND CANCELLATION OF CLASS**

The continuance of the Classification of any vessel is conditional upon the Rule requirements for periodical, damage and other surveys being duly carried out.   The Committee reserves the right to reconsider, withhold, suspend, or cancel the class of any vessel or any part of the machinery for noncompliance with the Rules, for defects reported by the Surveyors which have not been rectified in accordance with their recommendations, or for nonpayment of fees which are due on account of Classification, Statutory and Cargo Gear Surveys.   Suspension or cancellation of class may take effect immediately or after a specified period of time.

**5.**   **LIMITATION**

ABS makes no representations beyond those contained herein and in the provisions of the request for classification regarding its reports, statements, plan review, surveys certificates or other services.

**6.**   **HOLD HARMLESS**

THE PARTY TO WHOM THIS CERTIFICATE IS ISSUED, OR HIS ASSIGNEE OR SUCCESSOR IN INTEREST, AGREES TO RELEASE ABS AND TO INDEMNIFY AND HOLD HARMLESS ABS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LAWSUITS, OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS OR OTHER LEGAL ENTITIES AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS INCIDENTAL TO, ARISING OUT OF OR IN CONNECTION WITH THE WORK DONE, SERVICES PERFORMED OR MATERIAL TO BE FURNISHED UNDER THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS OR SUBCONTRACTORS.

ANY OTHER INDIVIDUAL OR PARTY WHO CLAIMS A RIGHT HEREUNDER OR WHO CLAIMS TO BE A BENEFICIARY OR ANY PORTION OF THE SERVICES RENDERED IN CONTEMPLATION OF THIS CERTIFICATE SHALL INDEMNIFY AND HOLD ABS HARMLESS FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS BY ANY PERSON OR ENTITY AS A RESULT OF THE SERVICES PERFORMED IN CONTEMPLATION OF THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS, OR SUBCONTRACTORS.

**7.**   **LIMITATION OF LIABILITY**

THE COMBINED LIABILITY OF AMERICAN BUREAU OF SHIPPING, ITS COMMITTEES, OFFICERS, EMPLOYEES, AGENTS OR SUB-CONTRACTORS FOR ANY LOSS, CLAIM OR DAMAGE ARISING FROM ITS NEGLIGENT PERFORMANCE OR NONPERFORMANCE OF ANY OF ITS SERVICES OR FROM BREACH OF ANY IMPLIED OR EXPRESS WARRANTY OF WORKMANLIKE PERFORMANCE IN CONNECTION WITH THOSE SERVICES, OR FROM ANY OTHER REASON, TO ANY PERSON, CORPORATION, PARTNERSHIP, BUSINESS ENTITY, SOVEREIGN, COUNTRY OR NATION, WILL BE LIMITED TO THE GREATER OF A) $100,000 OR B) AN AMOUNT EQUAL TO TEN TIMES THE SUM ACTUALLY PAID FOR THE SERVICES ALLEGED TO BE DEFICIENT.

THE LIMITATION OF LIABILITY MAY BE INCREASED UP TO AN AMOUNT TWENTY-FIVE (25) TIMES THAT SUM PAID FOR SERVICES UPON RECEIPT OF CLIENT'S WRITTEN REQUEST AT OR BEFORE THE TIME OF PERFORMANCE OF SERVICES AND UPON PAYMENT BY CLIENT OF AN ADDITIONAL FEE OF $10.00 FOR EVERY $1,000.00 INCREASE IN THE LIMITATION.

**8.**   **ARBITRATION**

Any and all differences and disputes of whatsoever nature arising out of this certificate shall be put to arbitration before a board of three persons, consisting of one arbitrator to be appointed by ABS, one by Client and one by the two so chosen.   The decision of any two of the three on any point or points shall be final.   Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on an officer of the other party to specify further disputes or differences under this certificate for hearing and determination.   The arbitrators may grant any relief other than punitive damages which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to specific performance.   Awards made in pursuance to this clause may include costs including a reasonable allowance for attorney's fees and judgment may be entered upon any award made hereunder in any court having jurisdiction.   ABS and Client hereby mutually waive any and all claims to punitive damages in any forum

Client shall be required to notify ABS within thirty (30) days of the commencement of any arbitration between it and third parties which may concern ABS's work in connection with this certificate and shall afford ABS an opportunity, at ABS's sole option, to participate in the arbitration

PAGE 2 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

## ADDITIONAL INFORMATION

Certificate No : 09199087-1776214-001

### ICE CLASS NOTATION

MINIMUM ENGINE OUTPUT.

MAXIMUM ICE DRAUGHT FORWARD

MINIMUM ICE DRAUGHT FORWARD

MAXIMUM ICE DRAUGHT AMIDSHIPS·

MINIMUM ICE DRAUGHT AMIDSHIPS

MAXIMUM ICE DRAUGHT AFT·

MINIMUM ICE DRAUGHT AFT

### AUTOMATION NOTATION

NUMBER OF UNATTENDED HOURS.     24

### OPERATING RESTRICTIONS

### ADDITIONAL NOTATIONS

ESP, NVIC 2-95 Change 2 ACP, CRC, HHP, RW

### RECORD COMMENTS

1) Certain tanks or compartments suitable for the carriage of liquids having a flash point at or below  60 degrees Celcius (140 degrees Farenheit).
2) Certain tanks or compartments suitable for the carriage of dangerous  chemicals in bulk.
3) Dead weight and displacement for this vessel have been calculated by the American Bureau of Shipping
4) Vessel has physical features for underwater inspection in lieu of drydocking survey (UWILD).
5) COW (Crude Oil Washing)

PAGE 3 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199087-1776214-001

## ANNUAL SURVEY ENDORSEMENT

Place NEW ORLEANS, LA                    Date   01 JULY 2010

ANTHONY JOHNSON (Signature)              Surveyor to the American Bureau of Shipping

Place _____         Date _____

_____               Surveyor to the American Bureau of Shipping
(Signature)

Place _____         Date _____

_____               Surveyor to the American Bureau of Shipping
(Signature)

Place _____         Date _____

_____               Surveyor to the American Bureau of Shipping
(Signature)

## INTERMEDIATE SURVEY ENDORSEMENT

Place _____         Date _____

_____               Surveyor to the American Bureau of Shipping
(Signature)

## EXTENSION OF CLASS CERTIFICATE
## THIS CLASSIFICATION CERTIFICATE IS EXTENDED UNTIL

_____
Date

Place _____         Date _____

_____               Surveyor to the American Bureau of Shipping
(Signature)

Please note that the classification of this vessel is automatically suspended and the certificate automatically becomes invalid,
if not endorsed annually within three months of the due date of the annual survey, or if the certificate is not endorsed for
completion of the intermediate survey within three months of the due date of the third annual survey.

## THIS CERTIFICATE IS NOT A CONFIRMATION OF CLASS

PAGE 4 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



**United States of America**
Department of Homeland Security
United States Coast Guard

| Certification Date: | 15 Jun 2009 |
|---|---|
| Expiration Date: | 15 Jun 2014 |
| IMO Number: | 9408102 |

# Certificate of Inspection

For ships on international voyages this certificate fulfills the requirements of SOLAS 74 as amended, regulation V/14, for a SAFE MANNING DOCUMENT.

| Vessel Name | Official Number | Call Sign | Service |
|---|---|---|---|
| PELICAN STATE | 1218103 | WDE4433 | Tank Ship |

| Hailing Port | Hull Material | Horsepower | Propulsion |
|---|---|---|---|
| WILMINGTON DE | Steel | 11640 | Diesel Direct |

| Place Built | Delivery Date   Date Keel Laid | Gross Tons | Net Tons | DWT | Length |
|---|---|---|---|---|---|
| SAN DIEGO, CA UNITED STATES | 15Jun2009  02Jun2008 | R-I-29527 | R-I-12859 | 48599 | R-576.1 I-576.1 |

| Owner | Operator |
|---|---|
| PI 2 PELICAN STATE LLC ATTN: DAVID FOLEY 345 PARK AVENUE 31ST FL NEW YORK NY 10154 US | INTREPID SHIP MANAGEMENT 9487 REGENCY SQUARE BLVD JACKSONVILLE, FL 32225 UNITED STATES |

This vessel must be manned with the following licensed and unlicensed personnel. Included in which there must be 4 certified lifeboatmen, 7 certified tankermen, 0 HSC type rating, and 4 GMDSS Operators.

| | | | |
|---|---|---|---|
| 1 Master | 0 Master & 1st Class pilot | 0 Radio Officer(s) | 1 Chief Engineer | 0 QMED/Rating |
| 1 Chief Mate | 0 Mate & 1st Class Pilot | 6 Able Seamen/ROANW | 1 1st Asst. Engr/2nd Engr. | 3 Oilers |
| 1 2nd Mate/OICNW | 0 Lic. Mate/OICNW | 0 Ordinary Seamen | 1 2nd Asst. Engr/3rd Engr. | |
| 1 3rd Mate/OICNW | 0 1st Class Pilot | 0 Deckhands | 1 3rd Asst. Engr. | |
| | | | 0 Lic. Engr. | |

In addition, this vessel may carry 0 passengers, 3 other persons in crew, 10 persons in addition to crew, and no others. Total persons allowed: 30

Route Permitted and Conditions of Operation:

---Oceans---

THIS VESSEL HAS BEEN INSPECTED AND CERTIFICATED IN ACCORDANCE WITH THE TERMS AND CONDITIONS SPECIFIED IN THE U.S. COAST GUARD'S ALTERNATE COMPLIANCE PROGRAM. DATE OF ENROLLMENT IS JUNE 2005. ABS CLASS ID NO.09199097.

HIGH STRENGTH STEEL USED IN CONSTRUCTION REQUIRING SPECIAL WELDING PROCEDURES.   SEE CONSTRUCTION PORTFOLIO.

THE FOLLOWING TANKERMAN ARE REQUIRED:
    2 TANKERMAN PIC
    3 TANKERMAN ASSISTANTS

***SEE NEXT PAGE FOR ADDITIONAL CERTIFICATE INFORMATION***

With this Inspection for Certification having been completed at SAN DIEGO, CA, the Officer in Charge, Marine Inspection, SECTOR SAN DIEGO certified the vessel, in all respects, is in conformity with the applicable vessel inspection laws and the rules and regulations prescribed thereunder.

| Annual/Periodic/Quarterly Reinspections | | | | This Amended certificate issued by: |
|---|---|---|---|---|
| Date | Zone | A/P/Q | Signature | |
| - | - | - | - | |
| - | - | - | - | J. O. Fitton Captain, USCG |
| - | - | - | - | Officer in Charge  Marine Inspection |
| - | - | - | - | COTP Miami / OCMI Miami |
| | | | | Inspection Zone |

Dept. of Home Sec., USCG  CG-841 (Rev 4-2000(V2))

CVR No. 2110-0017

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Department of Homeland Security
United States Coast Guard

# Certificate of Inspection

PELICAN STATE

Certification Date
15Sep2009

2 TANKERMAN ENGINEERS

JUNIOR ENGINEERS, DECK ENGINE MECHANICS, OR ENGINEMEN MAY BE SUBSTITUTED FOR ONE OR MORE OILERS.

WHEN OPERATING ON AN INTERNATIONAL VOYAGE:

(1) ALL LICENSED INDIVIDUALS MUST HOLD LICENSES AUTHORIZING SERVICE ON VESSELS OF A TONNAGE AT LEAST EQUAL TO THE VESSEL'S INTERNATIONAL TONNAGE;

(2) UNLICENSED SEAMEN PERFORMING NAVIGATIONAL WATCHKEEPING DUTIES MUST POSSESS MERCHANT MARINER DOCUMENTS ENDORSED AS ABLE SEAMAN, OR ORDINARY SEAMAN WITH A LETTER OF QUALIFICATION AND SPECIAL TRAINING AS PROVIDED IN NVIC 3-83. TWO (02)ORDINARY SEAMEN, SPECIALLY TRAINED IN ACCORDANCE WITH NVIC 3-83, MAY BE SUBSTITUTED FOR A MAXIMUM OF TWO (2) OF THESE ABLE SEAMEN.


---Liquid/Gas/Solid Cargo Authority/Conditions---
Authorization/ GRADE "A" AND LOWER AND SPECIFIED HAZARDOUS CARGOES
46CFR Subchapter O Authority: Highest Grade/A  Capacity/332250  Units/Barrels
46CFR Subchapter O Authority: Part 151/No  Part 153/Yes  Part 154/No

*Conditions of Carriage*
PER 46 CFR 150.130, THE PERSON IN CHARGE OF THE VESSEL IS RESPONSIBLE FOR ENSURING THAT
THE COMPATIBILITY REQUIREMENTS OF 46 CFR 150 ARE MET.

THIS VESSEL'S VAPOR CONTROL SYSTEM HAS BEEN INSPECTED TO THE PLANS (DSEC DWG DA379D103
REV A) APPROVED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # CJK/443447
DATED 29 APRIL 2009 AND FOUND ACCEPTABLE FOR THE COLLECTION OF CARGO OIL VAPORS AND
SPECIFIED DANGEROUS CARGO VAPORS IN ACCORDANCE WITH 46 CFR PART 39.  A COPY OF THE VAPOR
CONTROL SYSTEM LIST OF CARGOES SHALL BE AVAILABLE FOR REFERENCE AT ALL TIMES.

**MARPOL ANNEX II AUTHORITY**
THIS VESSEL IS AUTHORIZED TO CARRY ONLY THOSE NLS CARGOES LISTED ON THE IMO CERTIFICATE
OF FITNESS. THE OPERATIONAL REQUIREMENTS OF 33 CFR 151.31 THROUGH 151.43 SHALL BE
FOLLOWED IN ADDITION TO ALL PROVISIONS OF THE PROCEDURES AND ARRANGEMENTS (P&A) MANUAL
APPROVED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # CJK/443447 DATED 29
APRIL 2009; DSEC DWG DA381D101 REV A.


---Fire Fighting Equipment---
Number of Fireman Outfits/ 0

---Certificate Amendments---

*Current Amendment*
Port Amending/ Sector Miami          Date Amended/ 25Sep2009
-Remarks-

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Department of Homeland Security
United States Coast Guard

# *Certificate of Inspection*

PELICAN STATE

Certification Date.
15 Jun 2009

Changed vessel operator.

•••END•••

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199088-1826291-001

# AMERICAN BUREAU OF SHIPPING

**CHARTERED**
1862

**NUMBER**
09199088

## CERTIFICATE OF CLASSIFICATION

### SUNSHINE STATE

*Description* DOUBLE HULL OIL AND CHEMICAL CARRIER

*Dimensions, Length* 181 m          *Breadth* 32.2 m          *Depth* 19 m

*Tonnage, Gross* 29527          *Net* 12859

*Owner* APT SUNSHINE STATE LLC

*Shipbuilder* NATIONAL STEEL & SHIPBUILDING CORP

*Engine Builder* DOOSAN ENGINE CO.LTD.

*Year of Build* 2009          *Hull Number* 503

*This is to Certify that the above has been surveyed in accordance with the Rules of this Bureau and entered in the Record with the Class*

+A1, Chemical Carrier, Oil Carrier, ⊕, +AMS, +ACCU, VEC, FL 25, SH, SHCM

27 May 2010
_____
Issue Date

02 December 2014
_____
Expiration Date

_____
Chief Surveyor

*M. C. Adams*
Assistant Secretary

NOTE: This certificate evidences compliance with one or more of the Rules, Guides, standards or other criteria of American Bureau of Shipping and is issued solely for the use of the Bureau, its committees, its clients or other authorized entities. The classification certificate is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by this certificate has met one or more of the Rules of American Bureau of Shipping. The certificate is governed by the terms and conditions on the reverse side hereof, and governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof.

PAGE 1 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199088-1826291-001

## TERMS AND CONDITIONS

**1.** The issuance and interpretation of the class certificate is subject to the terms and conditions of the "Request for Classification and Agreement" (hereinafter "the Agreement") which are hereby incorporated by reference.

**2.** **REPRESENTATIONS AS TO CLASSIFICATION**

Classification is a representation by ABS as to the structural and mechanical fitness for a particular use or service in accordance with its Rules and standards. The Rules of American Bureau of Shipping are not meant as a substitute for the independent judgment of professional designers, naval architects and marine engineers nor as a substitute for the quality control procedures of shipbuilders, engine builders, steel makers suppliers, manufacturers and sellers of marine vessels, materials, machinery or equipment. ABS being a technical society can only act through Surveyors or others who are believed by it to be skilled and competent.

ABS represents solely to the vessel Owner or other client (hereinafter "Client") of ABS that, when assigning class it will use due diligence in the development of Rules, Guides and standards and in using normally applied testing standards, procedures and techniques as called for by the Rules, Guides, standards or other criteria of ABS for the purpose of assigning and maintaining class. ABS further represents to the Client of ABS that its certificates and reports evidence compliance only with one or more of the Rules, Guides, standards or other criteria of ABS in accordance with the terms of such certificate or report. Under no circumstances whatsoever are these representations to be deemed to relate to any third party.

**3.** **RESPONSIBILITY AND LIABILITY**

It is understood and agreed that the class certificate (hereinafter referred to as "certificate") issued as part of the services rendered under the Agreement is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by a certificate has met one or more of the Rules or standards of American Bureau of Shipping and is issued solely for the use of ABS, its committees, clients or other authorized entities. The validity, applicability and interpretation of a certificate issued under the terms of or is contemplation of the Agreement is governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof. Nothing contained in this certificate or is any report issued in contemplation of this certificate shall be deemed to relieve any designer, builder, owner, manufacturer, seller, supplier, repairer, operator or other entity of any warranty express or implied nor to create any interest, right, claim or benefit in any third party. It is understood and agreed that nothing expressed herein is intended or shall be construed to give any person, firm or corporation, other than the parties hereto, any right, remedy or claim hereunder or under any provisions herein contained; all provisions hereof are for the sole and exclusive benefit of the parties hereto.

**4.** **SUSPENSION AND CANCELLATION OF CLASS**

The continuance of the Classification of any vessel is conditioned upon the Rule requirements for periodical, damage and other surveys being duly carried out. The Committee reserves the right to reconsider, withhold, suspend, or cancel the class of any vessel or any part of the machinery for noncompliance with the Rules, for defects reported by the Surveyors which have not been rectified in accordance with their recommendations, or for nonpayment of fees which are due on account of Classification, Statutory and Cargo Gear Surveys. Suspension or cancellation of class may take effect immediately on after a specified period of time.

**5.** **LIMITATION**

ABS makes no representations beyond those contained herein and in the provisions of the request for classification regarding its reports, statements, plan review, surveys, certificates or other services.

**6.** **HOLD HARMLESS**

THE PARTY TO WHOM THIS CERTIFICATE IS ISSUED, OR HIS ASSIGNEE OR SUCCESSOR IN INTEREST, AGREES TO RELEASE ABS AND TO INDEMNIFY AND HOLD HARMLESS ABS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LAWSUITS, OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS OR OTHER LEGAL ENTITIES AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS INCIDENTAL TO, ARISING OUT OF OR IN CONNECTION WITH THE WORK DONE, SERVICES PERFORMED OR MATERIAL TO BE FURNISHED UNDER THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS OR SUBCONTRACTORS.

ANY OTHER INDIVIDUAL OR PARTY WHO CLAIMS A RIGHT HEREUNDER OR WHO CLAIMS TO BE A BENEFICIARY OR ANY PORTION OF THE SERVICES RENDERED IN CONTEMPLATION OF THIS CERTIFICATE SHALL INDEMNIFY AND HOLD ABS HARMLESS FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS BY ANY PERSON OR ENTITY AS A RESULT OF THE SERVICES PERFORMED IN CONTEMPLATION OF THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS, OR SUBCONTRACTORS.

**7.** **LIMITATION OF LIABILITY**

THE COMBINED LIABILITY OF AMERICAN BUREAU OF SHIPPING, ITS COMMITTEES, OFFICERS, EMPLOYEES, AGENTS OR SUB-CONTRACTORS FOR ANY LOSS, CLAIM OR DAMAGE ARISING FROM ITS NEGLIGENT PERFORMANCE OR NONPERFORMANCE OF ANY OF ITS SERVICES OR FROM BREACH OF ANY IMPLIED OR EXPRESS WARRANTY OF WORKMANLIKE PERFORMANCE IN CONNECTION WITH THOSE SERVICES, OR FROM ANY OTHER REASON, TO ANY PERSON, CORPORATION, PARTNERSHIP, BUSINESS ENTITY, SOVEREIGN, COUNTRY OR NATION, WILL BE LIMITED TO THE GREATER OF A) $100,000 OR B) AN AMOUNT EQUAL TO TEN TIMES THE SUM ACTUALLY PAID FOR THE SERVICES ALLEGED TO BE DEFICIENT.

THE LIMITATION OF LIABILITY MAY BE INCREASED UP TO AN AMOUNT TWENTY-FIVE (25) TIMES THAT SUM PAID FOR SERVICES UPON RECEIPT OF CLIENT'S WRITTEN REQUEST AT OR BEFORE THE TIME OF PERFORMANCE OF SERVICES AND UPON PAYMENT BY CLIENT OF AN ADDITIONAL FEE OF $10.00 FOR EVERY $1,000.00 INCREASE IN THE LIMITATION.

**8.** **ARBITRATION**

Any and all differences and disputes of whatsoever nature arising out of this certificate shall be put to arbitration before a board of three persons, consisting of one arbitrator to be appointed by ABS, one by Client and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on an officer of the other party to specify further disputes or differences under this certificate for hearing and determination. The arbitrators may grant any relief other than punitive damages which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to specific performance. Awards made in pursuance to this clause may include costs including a reasonable allowance for attorney's fees and judgment may be entered upon any award made hereunder in any court having jurisdiction. ABS and Client hereby mutually waive any and all claims to punitive damages in any forum.

Client shall be required to notify ABS within thirty (30) days of the commencement of any arbitration between it and third parties which may concern ABS's work in connection with this certificate and shall afford ABS an opportunity, at ABS's sole option, to participate in the arbitration.

PAGE 2 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199088-1826291-001

## ADDITIONAL INFORMATION

### ICE CLASS NOTATION

MINIMUM ENGINE OUTPUT:

MAXIMUM ICE DRAUGHT FORWARD:

MINIMUM ICE DRAUGHT FORWARD:

MAXIMUM ICE DRAUGHT AMIDSHIPS:

MINIMUM ICE DRAUGHT AMIDSHIPS:

MAXIMUM ICE DRAUGHT AFT:

MINIMUM ICE DRAUGHT AFT:

### AUTOMATION NOTATION

NUMBER OF UNATTENDED HOURS:      24

### OPERATING RESTRICTIONS

### ADDITIONAL NOTATIONS

ESP, UWILD, NVIC 2-95 Change 2 ACP, CRC, RW

### RECORD COMMENTS

1) 29: Vessel has physical features for underwater inspection in lieu of drydocking survey (UWILD).
2) COW (Crude Oil Washing)

PAGE 3 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.: 09199088-1826291-001

## ANNUAL SURVEY ENDORSEMENT

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

## INTERMEDIATE SURVEY ENDORSEMENT

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

## EXTENSION OF CLASS CERTIFICATE
## THIS CLASSIFICATION CERTIFICATE IS EXTENDED UNTIL

_____
Date

Place _____      Date _____

_____
(Signature)      Surveyor to the American Bureau of Shipping

Please note that the classification of this vessel is automatically suspended and the certificate automatically becomes invalid, if not endorsed annually within three months of the due date of the annual survey, or if the certificate is not endorsed for completion of the intermediate survey within three months of the due date of the third annual survey.

## THIS CERTIFICATE IS NOT A CONFIRMATION OF CLASS

PAGE 4 OF 4

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



| Certification Date: | 03 Dec 2009 |
|---|---|
| Expiration Date: | 03 Dec 2014 |
| IMO Number: | 9408114 |

**United States of America**
**Department of Homeland Security**
**United States Coast Guard**

# Certificate of Inspection

For ships on international voyages this certificate fulfills the requirements of SOLAS 74 as amended, regulation V/14, for a SAFE MANNING DOCUMENT.

Ex Name   NO NAME

| Vessel Name | Official Number | Call Sign | Service |
|---|---|---|---|
| SUNSHINE STATE | 1222406 | WDE4432 | Tank Ship |

| Hailing Port | Hull Material | Horsepower | Propulsion |
|---|---|---|---|
| WILMINGTON DE | Steel | 11640 | Diesel Direct |

| Place Built | Delivery Date   Date Keel Laid | Gross Tons | Net Tons | DWT | Length |
|---|---|---|---|---|---|
| San Diego, CA UNITED STATES | 03Dec2009  25Nov2008 | R-29527 I-29527 | R-12859 I-12859 | 48569 | R-600 3 I- |

| Owner | Operator |
|---|---|
| APT SUNSHINE STATE LLC 345 PARK AVENUE 29TH FLOOR NEW YORK NY 10154 UNITED STATES | INTREPID SHIP MANAGEMENT 9487 REGENCY SQUARE BLVD JACKSONVILLE FL 32225 UNITED STATES |

**This vessel must be manned with the following licensed and unlicensed personnel, included in which there must be 4 certified lifeboatmen, 7 certified tankermen, 0 HSC type rating, and 4 GMDSS Operators.**

| | | |
|---|---|---|
| 1 Master | 0 Master & 1st Class pilot | 0 Radio Officer(s) | 1 Chief Engineer | 0 QMED/Rating |
| 1 Chief Mate | 0 Mate & 1st Class Pilot | 6 Able Seamen/ROANW | 1 1st Asst. Engr/2nd Engr. | 3 Oilers |
| 1 2nd Mate/OICNW | 0 Lic. Mate/OICNW | 0 Ordinary Seamen | 1 2nd Asst. Engr/3rd Engr. | |
| 1 3rd Mate/OICNW | 0 1st Class Pilot | 0 Deckhands | 1 3rd Asst. Engr. | |
| | | | 0 Lic. Engr. | |

In addition, this vessel may carry  0  passengers,  3  other persons in crew,  10  persons in addition to crew, and  no  others. Total persons allowed:  30

**Route Permitted and Conditions of Operation:**

```
---Oceans---

HIGH STRENGTH STEEL USED IN CONSTRUCTION REQUIRING SPECIAL WELDING PROCEDURES.  SEE
CONSTRUCTION PORTFOLIO.

THE FOLLOWING TANKERMAN ARE REQUIRED:
    2 TANKERMAN PIC
    3 TANKERMAN ASSISTANTS
    2 TANKERMAN ENGINEERS

WHEN OPERATING ON AN INTERNATIONAL VOYAGE:
```

***SEE NEXT PAGE FOR ADDITIONAL CERTIFICATE INFORMATION***

With this inspection for Certification having been completed at San Diego, the Officer in Charge, Marine Inspection, SECTOR SAN DIEGO certified the vessel, in all respects, is in conformity with the applicable vessel inspection laws and the rules and regulations prescribed thereunder.

| Annual/Periodic/Quarterly Reinspections | | | | This certificate issued by: |
|---|---|---|---|---|
| Date | Zone | A/P/Q | Signature | |
| - | - | - | - | **D. L. LeBLANC, CDR, USCG** |
| - | - | - | - | Officer in Charge, Marine Inspection |
| - | - | - | - | **SECTOR SAN DIEGO** |
| - | - | - | - | Inspection Zone |

Dept of Home Sec  USCG  CG-841 (Rev 6-XXX)(rev?)

OMB no 2115-0517

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Department of Homeland Security
United States Coast Guard

# *Certificate of Inspection*

Certification Date:
03Dec2009

SUNSHINE STATE

(1) ALL LICENSED INDIVIDUALS MUST HOLD LICENSES AUTHORIZING SERVICE ON VESSELS OF A TONNAGE AT LEAST EQUAL TO THE VESSEL'S INTERNATIONAL TONNAGE;

(2) UNLICENSED SEAMEN PERFORMING NAVIGATIONAL WATCHKEEPING DUTIES MUST POSSESS MERCHANT MARINER DOCUMENTS ENDORSED AS ABLE SEAMAN, OR ORDINARY SEAMAN WITH A LETTER OF QUALIFICATION AND SPECIAL TRAINING AS PROVIDED IN NVIC 3-83. TWO (02)ORDINARY SEAMEN, SPECIALLY TRAINED IN ACCORDANCE WITH NVIC 3-83, MAY BE SUBSTITUTED FOR A MAXIMUM OF TWO (2) OF THESE ABLE SEAMEN.

Overnight accommodations for 0 passengers.

---Liquid/Gas/Solid Cargo Authority/Conditions---
Authorization/ GRADE "A" AND LOWER AND SPECIFIED HAZARDOUS CARGOES
46CFR Subchapter D Authority: Highest Grade/A  Capacity/332230  Units/Barrel
46CFR Subchapter O Authority: Part 151/No  Part 153/Yes  Part 154/No

*Conditions of Carriage*
PER 46 CFR 150.130, THE PERSON IN CHARGE OF THE VESSEL IS RESPONSIBLE FOR ENSURING THAT THE COMBATIBILITY REQUIRMENTS OF 46 CFR 150 ARE MET.

THIS VESSEL'S VAPOR CONTROL SYSTEM HAS BEEN INSPECTED TO THE PLANS (DSEC DWG DA379D103 REV A) EXAMINED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # KHK377606-1 DATED 01 OCT 2008 AND FOUND ACCEPTABLE FOR THE COLLECTION OF CARGO OIL VAPORS AND SPECIFIED DANGEROUS CARGO VAPORS IN ACCORDANCE WITH 46 CFR PART 39.  A COPY OF THE VAPOR CONTROL SYSTEM LIST OF CARGOES SHALL BE AVAILABLE FOR REFERENCE AT ALL TIMES.

**MARPOL ANNEX II AUTHORITY**
THIS VESSEL IS AUTHORIZED TO CARRY ONLY THOSE NLS CARGOES LISTED ON THE IMO CERTIFICATE OF FITNESS. THE OPERATIONAL REQUIREMENTS OF 33 CFR 151.31 THROUGH 151.43 SHALL BE FOLLOWED IN ADDITION TO ALL PROVISIONS OF THE PROCEDURES AND ARRANGEMENTS (P&A) MANUAL APPROVED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER DATED 01 OCT 2008; DSEC DWG DA381D101.

***END***

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

# INTERIM CLASS CERTIFICATE

**ABS**

Certificate No.: YY203452-1615511-002

Builder's Hull No.: 504

Port of Issue: San Diego, CA, USA

Date: 13 July 2010

## THIS IS TO CERTIFY

THAT I HAVE SURVEYED THE **EMPIRE STATE**

OF WILMINGTON, DE    UNITED STATES OF AMERICA

OFFICIAL NO. 1225143    CALL LETTERS WDE4431    , DURING CONSTRUCTION AT THE

YARD OF THE BUILDERS, GENERAL DYNAMICS NASSCO

AND, DURING THE INSTALLATION OF MACHINERY AND EQUIPMENT; AND,

THAT I HAVE TRANSMITTED TO THE COMMITTEE OF THE AMERICAN BUREAU OF SHIPPING, NEW YORK, A REPORT STATING THAT I CONSIDER THE VESSEL TO BE FIT FOR THE SERVICE INTENDED; AND,

THAT I HAVE RECOMMENDED THAT THE VESSEL BE CLASSED

**✠A1, Chemical Carrier, Oil Carrier, Ⓔ, ✠AMS, ✠ACCU, VEC, FL 25, SH, SHCM**

DESCRIPTION    :    DOUBLE HULL OIL AND CHEMICAL CARRIER

ADDITIONAL NOTATION :    ESP, UWILD, NVIC 2-95 CHANGE 2 ACP, CRC, RW

THIS CERTIFICATE IS VALID UNTIL    **12 DECEMBER 2010**    , PENDING

REVIEW AND ACCEPTANCE BY THE CLASSIFICATION COMMITTEE AND ISSUANCE OF THE FULL TERM CERTIFICATE.

Klint, Jens Jørgen Kien, San Diego P
SURVEYOR

Note: This Certificate evidences compliance with one or more of the Rules, guides, standards or other criteria of American Bureau of Shipping and is issued solely for the use of the Bureau, its committees, its clients or other authorized entities. This Certificate is a representation only that the structure, item of material, equipment, machinery or any other item to which it individually refers has met one or more of the Rules, guides, standards or other criteria of American Bureau of Shipping as of the date of issue. Parties are advised to review the Rules for the scope and conditions of classification and to review the survey records for a fuller description of any restrictions or limitation on the vessel's service or surveys. The validity, applicability and interpretation of this Certificate is governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof. Nothing contained in this Certificate or in any notation made in contemplation of this Certificate shall be deemed to relieve any designer, builder, owner, manufacturer, seller, supplier, repairer, operator or other entity of any warranty express or implied.

AB IC-1    O2K Rev 3    Page 1 of 2

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Certificate No.:YY203452-1615511-002

## TERMS AND CONDITIONS

1. The issuance and interpretation of the interim class certificate is subject to the terms and conditions of the "Request for Classification and Agreement" (hereinafter "the Agreement") which are hereby incorporated by reference.

2. **REPRESENTATIONS AS TO CLASSIFICATION**

   Classification is a representation by the ABS as to the structural and mechanical fitness for a particular use or service in accordance with its rules and standards. The Rules of American Bureau of Shipping are not meant as a substitute for the independent judgment of professional designers, naval architects and marine engineers nor as a substitute for the quality control procedures of shipbuilders, engine builders, steel makers, suppliers, manufacturers and sellers of marine vessels, materials, machinery or equipment. ABS, being a technical society, can only act through Surveyors or others who are believed by it to be skilled and competent.

   ABS represents solely to the vessel Owner or other client (hereinafter "Client") of ABS that when assigning class it will use due diligence in the development of Rules, Guides and standards and in using normally applied testing standards, procedures and techniques as called for by the Rules, Guides, standards or other criteria of ABS for the purpose of assigning and maintaining class. ABS further represents to the Client of ABS that its certificates and reports evidence compliance only with one or more of the Rules, Guides, standards or other criteria of ABS in accordance with the terms of such certificate or report. Under no circumstances whatsoever are these representations to be deemed to relate to any third party.

3. **RESPONSIBILITY AND LIABILITY**

   It is understood and agreed that the class certificate (hereinafter referred to as "certificate") issued as part of the services rendered under the Agreement is a representation only that the vessel, structure, item of material, equipment or machinery or any other item covered by a certificate has met one or more of the Rules or standards of American Bureau of Shipping and is issued solely for the use of ABS, its committees, clients or other authorized entities. The validity, applicability and interpretation of a certificate issued under the terms of or in contemplation of the agreement is governed by the Rules and standards of American Bureau of Shipping who shall remain the sole judge thereof. Nothing contained in this certificate or in any report issued in contemplation of this certificate shall be deemed to relieve any designer, builder, owner, manufacturer, seller, supplier, repairer, operator or other entity of any warranty express or implied nor to create any interest, right, claim or benefit in any third party. It is understood and agreed that nothing expressed herein is intended or shall be construed to give any person, firm or corporation, other than the parties hereto, any right, remedy or claim hereunder or under any provisions herein contained; all provisions hereof are for the sole and exclusive benefit of the parties hereto.

4. **SUSPENSION AND CANCELLATION OF CLASS**

   The continuance of the Classification of any vessel is conditional upon the Rule requirements for periodical, damage and other surveys being duly carried out. The Committee reserves the right to reconsider, withhold, suspend, or cancel the class of any vessel or any part of the machinery for noncompliance with the Rules, for defects reported by the Surveyors which have not been rectified in accordance with their recommendations, or for nonpayment of fees which are due on account of Classification, Statutory and Cargo Gear Surveys. Suspension or cancellation of class may take effect immediately or after a specified period of time.

5. **LIMITATION**

   ABS makes no representations beyond those contained herein and in the provisions of the request for classification regarding its reports, statements, plan review, surveys, certificates or other services.

6. **TRANSFER OF CLASSIFICATION**

   For vessels transferring Classification to ABS, the validity of this interim certificate is subject to the recommendations or conditions of classification previously issued against the vessel being completed as specified by the previous Classification Society and by the due date.

7. **HOLD HARMLESS**

   THE PARTY TO WHOM THIS CERTIFICATE IS ISSUED, OR HIS ASSIGNEE OR SUCCESSOR IN INTEREST, AGREES TO RELEASE ABS AND TO INDEMNIFY AND HOLD HARMLESS ABS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, LAWSUITS, OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS OR OTHER LEGAL ENTITIES AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS INCIDENTAL TO, ARISING OUT OF OR IN CONNECTION WITH THE WORK DONE, SERVICES PERFORMED OR MATERIAL TO BE FURNISHED UNDER THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS OR SUBCONTRACTORS.

   ANY OTHER INDIVIDUAL OR PARTY WHO CLAIMS A RIGHT HEREUNDER OR WHO CLAIMS TO BE A BENEFICIARY OF ANY PORTION OF THE SERVICES RENDERED IN CONTEMPLATION OF THIS CERTIFICATE SHALL INDEMNIFY AND HOLD ABS HARMLESS FROM AND AGAINST ALL CLAIMS, DEMANDS, LAWSUITS OR ACTIONS FOR DAMAGES, INCLUDING LEGAL FEES, TO PERSONS AND/OR PROPERTY, TANGIBLE, INTANGIBLE OR OTHERWISE WHICH MAY BE BROUGHT AGAINST ABS BY ANY PERSON OR ENTITY AS A RESULT OF THE SERVICES PERFORMED IN CONTEMPLATION OF THIS CERTIFICATE, EXCEPT FOR THOSE CLAIMS CAUSED SOLELY AND COMPLETELY BY THE NEGLIGENCE OF ABS, ITS AGENTS, EMPLOYEES, OFFICERS, DIRECTORS, OR SUBCONTRACTORS.

8. **LIMITATION OF LIABILITY**

   THE COMBINED LIABILITY OF AMERICAN BUREAU OF SHIPPING, ITS COMMITTEES, OFFICERS, EMPLOYEES, AGENTS OR SUBCONTRACTORS FOR ANY LOSS, CLAIM OR DAMAGE ARISING FROM ITS NEGLIGENT PERFORMANCE OR NONPERFORMANCE OF ANY OF ITS SERVICES OR FROM BREACH OF ANY IMPLIED OR EXPRESS WARRANTY OF WORKMANLIKE PERFORMANCE IN CONNECTION WITH THOSE SERVICES, OR FROM ANY OTHER REASON, TO ANY PERSON, CORPORATION, PARTNERSHIP, BUSINESS ENTITY, SOVEREIGN, COUNTRY OR NATION, WILL BE LIMITED TO THE GREATER OF A) $100,000 OR B) AN AMOUNT EQUAL TO TEN TIMES THE SUM ACTUALLY PAID FOR THE SERVICES ALLEGED TO BE DEFICIENT.

   THE LIMITATIONS OF LIABILITY MAY BE INCREASED UP TO AN AMOUNT TWENTY-FIVE TIMES THAT SUM PAID FOR SERVICES UPON RECEIPT OF CLIENT'S WRITTEN REQUEST AT OR BEFORE THE TIME OF PERFORMANCE OF SERVICES AND UPON PAYMENT BY CLIENT OF AN ADDITIONAL FEE OF $10.00 FOR EVERY $1,000.00 INCREASE IN LIMITATION.

9. **ARBITRATION**

   Any and all differences and disputes of whatsoever nature arising out of this certificate shall be put to arbitration before a board of three persons, consisting of one arbitrator to be appointed by ABS, one by Client and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on an office of the other party to specify further disputes or differences under this certificate for hearing and determination. The arbitrators may grant any relief other than punitive damages which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to specific performance. Awards made in pursuance to this clause may include costs including a reasonable allowance for attorney's fees and judgment may be entered upon any award made hereunder in any court having jurisdiction. ABS and Client hereby mutually waive any and all claims to punitive damages in any forum.

   Client shall be required to notify ABS within thirty (30) days of the commencement of any arbitration between it and third parties which may concern ABS's work in connection with this certificate and shall afford ABS an opportunity, at ABS's sole option, to participate in the arbitration.

AB IC-1                          O2K Rev 3                          Page 2 of 2

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

| | |
|---|---|
| Certification Date: | 13 Jul 2010 |
| Expiration Date: | 13 Jul 2015 |
| IMO Number: | 9408126 |



**United States of America**
Department of Homeland Security
United States Coast Guard

# Certificate of Inspection

For ships on international voyages this certificate fulfills the requirements of SOLAS 74 as amended, regulation V/14, for a SAFE MANNING DOCUMENT.

Ex.Name NO NAME

| Vessel Name | Official Number | Call Sign | Service |
|---|---|---|---|
| EMPIRE STATE | 1225143 | WDE4431 | Tank Ship |

| Hailing Port | Hull Material | Horsepower | Propulsion |
|---|---|---|---|
| WILMINGTON DE | Steel | 11640 | Diesel Direct |

| Place Built | Delivery Date | Date Keel Laid | Gross Tons | Net Tons | DWT | Length |
|---|---|---|---|---|---|---|
| SAN DIEGO, CA UNITED STATES | 13Jul2010 | 03Jun2009 | R- I-29527 | R- I-12869 | | R-576 I-576 |

| Owner | Operator |
|---|---|
| AMERICAN PETROLEUM TANKERS LLC 345 PARK AVENUE, 29TH FLOOR NEW YORK, NY 10154 UNITED STATES | INTREPID SHIP MANAGEMENT 9487 REGENCY SQUARE BLVD JACKSONVILLE, FL 32225 UNITED STATES |

**This vessel must be manned with the following licensed and unlicensed personnel. Included in which there must be 4 certified lifeboatmen, 7 certified tankermen, 0 HSC type rating, and 4 GMDSS Operators.**

| | | | |
|---|---|---|---|
| 1 Master | 0 Master & 1st Class pilot | 0 Radio Officer(s) | 1 Chief Engineer | 0 QMED/Rating |
| 1 Chief Mate | 0 Mate & 1st Class Pilot | 6 Able Seamen/ROANW | 1 1st Asst. Engr/2nd Engr. | 3 Oilers |
| 1 2nd Mate/OICNW | 0 Lic. Mate/OICNW | 0 Ordinary Seamen | 2 2nd Asst. Engr/3rd Engr. | |
| 1 3rd Mate/OICNW | 0 1st Class Pilot | 0 Deckhands | 1 3rd Asst. Engr. | |
| | | | 0 Lic. Engr. | |

In addition, this vessel may carry  0  passengers,  3  other persons in crew,  18  persons in addition to crew, and no others.  Total persons allowed:  38

Route Permitted and Conditions of Operation:

---Oceans---

THIS VESSEL HAS BEEN INSPECTED AND CERTIFICATED IN ACCORDANCE WITH THE TERMS AND CONDITIONS SPECIFIED IN THE U.S. COAST GUARD'S ALTERNATE COMPLIANCE PROGRAM. DATE OF ENROLLMENT 13 JULY 2010. ABS CLASS ID NO.10203452.

HIGH STRENGTH STEEL USED IN CONSTRUCTION REQUIRING SPECIAL WELDING PROCEDURES.  SEE CONSTRUCTION PORTFOLIO.

THE FOLLOWING TANKERMAN ARE REQUIRED:
    2 TANKERMAN PIC
    3 TANKERMAN ASSISTANTS

***SEE NEXT PAGE FOR ADDITIONAL CERTIFICATE INFORMATION***

With this Inspection for Certification having been completed at San Diego, CA, the Officer in Charge, Marine Inspection, SECTOR SAN DIEGO certified the vessel, in all respects, is in conformity with the applicable vessel inspection laws and the rules and regulations prescribed thereunder.

| Annual/Periodic/Quarterly Reinspections | | | | This certificate issued by: |
|---|---|---|---|---|
| Date | Zone | A/P/Q | Signature | |
| - | - | - | - | M. R. LEON GUERRERO CDR, USCG, by direction |
| - | - | - | - | Officer in Charge, Marine Inspection |
| - | - | - | - | SECTOR SAN DIEGO |
| - | - | - | - | Inspection Zone |

Dept. of Home Sec., USCG, CG-841 (Rev 4-2000)(v2)

OMB No. 2115-0517

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Department of Homeland Security
United States Coast Guard

## *Certificate of Inspection*

Certification Date:
13Jul2010

EMPIRE STATE

2 TANKERMAN ENGINEERS

WHEN OPERATING ON AN INTERNATIONAL VOYAGE:

(1) ALL LICENSED INDIVIDUALS MUST HOLD LICENSES AUTHORIZING SERVICE ON VESSELS OF A
TONNAGE AT LEAST EQUAL TO THE VESSEL'S INTERNATIONAL TONNAGE;

(2) UNLICENSED SEAMEN PERFORMING NAVIGATIONAL WATCHKEEPING DUTIES MUST POSSESS MERCHANT
MARINER DOCUMENTS ENDORSED AS ABLE SEAMAN, OR ORDINARY SEAMAN WITH A LETTER OF
QUALIFICATION AND SPECIAL TRAINING AS PROVIDED IN NVIC 3-83. TWO (02)ORDINARY SEAMEN,
SPECIALLY TRAINED IN ACCORDANCE WITH NVIC 3-83, MAY BE SUBSTITUTED FOR A MAXIMUM OF TWO
(2) OF THESE ABLE SEAMEN.

Overnight accommodations for 0 passengers.

**---Liquid/Gas/Solid Cargo Authority/Conditions---**
Authorization/ GRADE "A" AND LOWER AND SPECIFIED HAZARDOUS CARGOES
46CFR Subchapter D Authority: Highest Grade/A  Capacity/332230  Units/Barrel
46CFR Subchapter O Authority: Part 151/No  Part 153/Yes  Part 154/No

*Conditions of Carriage*
PER 46 CFR 150.130, THE PERSON IN CHARGE OF THE VESSEL IS RESPONSIBLE FOR ENSURING THAT
THE COMBATIBILITY REQUIRMENTS OF 46 CFR 150 ARE MET.

THIS VESSEL'S VAPOR CONTROL SYSTEM HAS BEEN INSPECTED TO THE PLANS (DSEC DWG DA379D103
REV A) EXAMINED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # KHK\JYK\565862
DATED 15 APR 2010, DSEC DWG DA379D103 REV. A, AND FOUND ACCEPTABLE FOR THE COLLECTION OF
CARGO OIL VAPORS AND SPECIFIED DANGEROUS CARGO VAPORS IN ACCORDANCE WITH 46 CFR PART 39.
A COPY OF THE VAPOR CONTROL SYSTEM LIST OF CARGOES SHALL BE AVAILABLE FOR REFERENCE AT
ALL TIMES.

**MARPOL ANNEX II AUTHORITY**
THIS VESSEL IS AUTHORIZED TO CARRY ONLY THOSE NLS CARGOES LISTED ON THE IMO CERTIFICATE
OF FITNESS. THE OPERATIONAL REQUIREMENTS OF 33 CFR 151.31 THROUGH 151.43 SHALL BE
FOLLOWED IN ADDITION TO ALL PROVISIONS OF THE PROCEDURES AND ARRANGEMENTS (P&A) MANUAL
APPROVED BY THE AMERICAN BUREAU OF SHIPPING (BUSAN) LETTER SERIAL # KHK/jyk/565862_1
DATED 15 APR 2010,  DSEC DWG DA381D101, Rev A

***END***

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-1-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-2-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-3-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-4-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-5-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-2-

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-1-

Contract Change #029

CONFIDENTIAL BUSINESS INFORMATION

Cor
Exe
to 5

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

**EXHIBIT D**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | NAME |
|---|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 21b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:

Five (5) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 501, 502, 503, 504 and 505 (collectively, "Vessels 1-5"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 1-5 whether at Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN |
|---|---|---|---|---|---|
| ☐ NON-UCC FILING | | | | | |

| 6. ☐ The FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable). | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) ☐ Debtor (ADDITIONAL FEE) (optional) | ☐ All Debtors ☐ Debtor 1 2 |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | | NAME |
|---|---|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | NAME |
|---|---|---|---|---|---|
| USS Product Carriers LLC | | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 399 Thornall Street, 8th Floor | Edison | NJ | 08837 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Two (2) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 506 and 507 (collectively, "Vessels 6 & 7"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 6 & 7 whether at the Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) ☐ All Debtors ☐ Debtor 1 ☐ Debtor (ADDITIONAL FEE) (optional) 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | |

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -insert only one debtor name (2a or 2b) -do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| USS Product Carriers LLC | | | | |

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 399 Thornall Street, 8th Floor | Edison | NJ | 08837 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Two (2) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 506 and 507 (collectively, "Vessels 6 & 7"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 6 & 7 whether at the Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

5. ALTERNATIVE DESIGNATION (if applicable):  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach    Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)   ☐ All Debtors   ☐ Debtor 1   ☐ Debtor 2
☐ Debtor
(ADDITIONAL FEE)      [optional]

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION



CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

**EXHIBIT D**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| National Steel & Shipbuilding Company | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

4. This FINANCING STATEMENT covers the following collateral:

Five (5) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 501, 502, 503, 504 and 505 (collectively, "Vessels 1-5"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 1-5 whether at Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

| 5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|

| 6. ☐ The FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]. | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 ☐ Debtor (ADDITIONAL FEE)     (optional) |
|---|---|

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | NAME |
|---|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | NAME |
|---|---|---|---|---|---|
| USS Product Carriers LLC | | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 399 Thornall Street, 8th Floor | Edison | NJ | 08837 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Two (2) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 506 and 507 (collectively, "Vessels 6 & 7"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 6 & 7 whether at the Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

| 5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|

| 6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum (if applicable) | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) ☐ Debtor | ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1 a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | | |

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME -insert only one debtor name (2a or 21b) -do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| USS Product Carriers LLC | | | | | |

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 399 Thornall Street, 8th Floor | Edison | NJ | 08837 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Two (2) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 506 and 507 (collectively, "Vessels 6 & 7"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 6 & 7 whether at the Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum (if applicable)

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2
☐ Debtor (ADDITIONAL FEE) (optional)

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

██████████████
██████████████

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| National Steel & Shipbuilding Company | | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2798 East Harbor Drive | San Diego | CA | 92113 | USA |

| 1d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corp. | 1f. JURISDICTION OF ORGANIZATION Nevada | 1g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| | | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. See Instructions | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐ None |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| USS Product Carriers LLC | | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 399 Thornall Street, 8th Floor | Edison | NJ | 08837 | USA |

4. This FINANCING STATEMENT covers the following collateral:

Five (5) 49,000 deadweight tonne Product/Chemical Tankers for United States coastwise trade more particularly described as Hull Nos. 510, 511, 512, 513 and 514 (collectively, "Vessels 10-14"), together with all material, equipment and other goods to be installed in, or placed on board, such Vessels 10-14 whether at Debtor's shipyard or located elsewhere for use in the performance of the Contract Work under that certain Amended and Restated Contract for Construction, dated March 14, 2006, between Debtor and Secured Party, to the extent (and only to the extent) that Secured Party has paid for such collateral (the "Collateral")

5. ALTERNATIVE DESIGNATION (if applicable): ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ The FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable].

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 (ADDITIONAL FEE) [optional]

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY – UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Contract Change #016 - Including Contract
Change ##001, 3, 5, 7, 8, 11, 13 & 14
06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

**EXHIBIT F**

## FORM OF ASSIGNMENT AND ASSUMPTION AGREEMENT

This **ASSIGNMENT AND ASSUMPTION AGREEMENT** ("Assignment"), is made as of _____ (the "Effective Date"), by and between USS PRODUCT CARRIERS LLC, a Delaware limited liability company ("Assignor"), and USS PRODUCTS INVESTOR LLC, a Delaware limited liability company ("Assignee").

### W I T N E S S E T H :

**WHEREAS**, Assignor has entered into that certain Amended And Restated Contract For Construction, dated and signed March 14, 2006, (the "Contract") with National Steel And Shipbuilding Company ("NASSCO") for the construction of nine (9) 49,000 DWT product/chemical tankers, with options for an additional five (5) tankers more particularly described in the Contract attached as Exhibit "A" to this Assignment.

**WHEREAS**, Assignee and NASSCO have entered into that certain Funding Agreement, dated _____ (the "Agreement"), for the partial funding of the Contract for the construction and delivery of five (5) 49,000 DWT product/chemical tankers thereunder, designated as Hull Numbers 501, 502, 503, 504 and 505 (the "Vessels"), more particularly described in the Agreement attached as Exhibit "B" to this Assignment.

**WHEREAS**, this Assignment is being made pursuant to the terms of the Agreement and the Contract for the purpose of assigning to Assignee all of Assignor's obligations, rights, title and interest in and to the Vessels under the Contract.

**WHEREAS**, this Assignment does not affect nor change Assignor's rights, title and obligations under the Contract with respect to the four (4) remaining tankers thereunder designated as Hull Numbers 506, 507, 508, and 509 or the Assignor's rights, title and obligations under the Contract with respect to the five (5) additional option tankers thereunder designated as Hull Numbers 510, 511, 512, 513 and 514 nor convey any interest therein to Assignee.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1.       Assignment of Vessels. Assignor hereby absolutely and unconditionally grants, assigns, transfers, conveys and delivers to Assignee all of Assignor's obligations, rights, title, interest, benefits and privileges under the Contract with respect to the Vessels, and Assignee hereby accepts such Assignment. Assignor will remain responsible for complying with all obligations of Assignor under the Contract which accrued prior to the Effective Date (but not thereafter in respect to the Vessels) and will indemnify, protect, defend and hold Assignee harmless from and against any and all claims, demands, liabilities, losses, costs, damages or expenses (including, without limitation, reasonable attorneys' fees and costs) resulting from any breach or default by Assignor under the terms of the Contract accruing prior to the Effective Date.

2.       Assumption of Obligations. By acceptance of this Assignment, Assignee hereby assumes and agrees to perform and to be bound by all of the terms, covenants, conditions and obligations imposed upon or assumed by Assignor under the Contract for the Vessels. Said assumption shall have application

W02-EAST:7RY1\200002091.10
Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

only to those obligations under the Contract first accruing or arising on or after the Effective Date of this Assignment and shall have no application to obligations accruing or arising prior to said date. Assignee hereby agrees to indemnify, protect, defend and hold Assignor harmless from and against any and all claims, demands, liabilities, losses, costs, damages or expenses (including, without limitation, reasonable attorneys' fees and costs) arising out of or resulting from any breach or default by Assignee under the terms of the Contract arising on or after the Effective Date.

3.    <u>Representations and Warranties of Assignor</u>. Assignor hereby represents and warrants to the Assignee as follows:

(a)    Assignor is a limited liability company duly formed, validly existing and in good standing under the laws of the state of Delaware with the power and authority to conduct its business.

(b)    Assignor has: (i) the power and authority to execute and deliver this Assignment and perform the obligations hereunder; and (ii) taken all necessary company actions to authorize the execution and delivery of this Assignment and the consummation of the transaction contemplated hereby.

(c)    This Assignment constitutes the legal, valid and binding obligation of the Assignor enforceable in accordance with its terms, except as the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally, by general equitable principles (whether enforcement is sought by proceedings in equity or at law) and an implied covenant of good faith and fair dealing.

(d)    Assignor hereby represents and warrants to Assignee that, as of the Effective Date, the Contract is in full force and effect as respects Assignor; that the Contract was signed on March 14, 2006, as verified in the Date of Contract for Construction attached hereto as <u>Exhibit "C"</u>; and, that the Contract for the Vessels assigned hereunder is not and shall not be considered a substitution of a new contract for the existing Contract with the intent to extinguish the old obligation.

4.    <u>Representations and Warranties of Assignee</u>. Assignee hereby represents and warrants to the Assignor as follows:

(a)    Assignee is a limited liability company duly formed, validly existing and in good standing under the laws of the state of Delaware with the power and authority to conduct its business.

(b)    Assignee has: (i) the power and authority to execute and deliver this Assignment and perform the obligations hereunder; and (ii) taken all necessary company actions to authorize the execution and delivery of this Assignment and the consummation of the transaction contemplated hereby.

(c)    This Assignment constitutes the legal, valid and binding obligation of the Assignee enforceable in accordance with its terms, except as the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization, moratorium or similar laws affecting the enforcement of creditors' rights generally, by general equitable principles (whether enforcement is sought by proceedings in equity or at law) and an implied covenant of good faith and fair dealing.

W02-EAST:7RY1\200002091.10
Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

5.    Successors and Assigns. This Assignment shall be binding upon and inure to the benefit of the successors, assigns, of the respective parties hereto.  Neither party hereto may assign or amend this Assignment without the express written consent of the other party.

6.    Notices.  Notices and other communications required by this Assignment shall be in writing and shall be deemed to have been duly and legally given when served personally; delivered by courier service (with confirmation of delivery); deposited in the U.S. Mail, postage prepaid, return receipt requested (with receipt received); or, successfully transmitted by facsimile (with confirmation of completed transmission received), addressed as follows:

> To the Assignor:
>
> USS Product Carriers LLC
> % U.S. Shipping Partners L.P.
> 399 Thornall Street, 8th Floor
> Edison, NJ  08837
> Attention:  Alan E. Colletti
> Copy to (less enclosures):  Joseph P. Gehegan, Jr.
> Facsimile Transmission No. (732) 635-1924
>
> Copy to:
>
> Hill, Betts & Nash LLP
> One World Financial Center
> 200 Liberty Street, 26th Floor
> New York, NY  10281
> Attention:  Mark M. Jaffe/Mark A. Lowe
> Facsimile Transmission No. (212) 466-0514
>
> To the Assignee:
>
> USS Products Investor LLC
> % U.S. Shipping Partners L.P.
> 399 Thornall Street, 8th Floor
> Edison, NJ  08837
> Attention:  Alan E. Colletti
> Copy to (less enclosures):  Joseph P. Gehegan, Jr.
> Facsimile Transmission No. (732) 635-1924
>
> Copy to:
>
> Hill, Betts & Nash LLP
> One World Financial Center
> 200 Liberty Street, 26th Floor
> New York, NY  10281
> Attention:  Mark M. Jaffe/Mark A. Lowe
> Facsimile Transmission No. (212) 466-0514.

7.    Entire Agreement.  This Assignment (including the Exhibits) constitutes the sole understanding of the parties with respect to the subject matter hereto.

W02-EAST:7RY1\200002091.10

06AM-119916

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

8.      <u>Attorneys' Fees</u>.  In the event of the bringing of any action or suit by a party hereto against another party hereunder by reason of any breach of any of the covenants, conditions, agreements or provisions on the part of the other party arising out of this Assignment, then in that event the prevailing party shall be entitled to have and recover of and from the other party all costs and expenses of the action or suit, including reasonable attorneys' fees.

9.      <u>Governing Law</u>.  This Assignment shall be governed by, interpreted under, and construed and enforceable with, the laws of the State of California, without reference to its conflict of law principles.

10.     <u>Counterparts</u>.  This Assignment may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

W02-EAST:7RY1\200002091.10
Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

IN WITNESS WHEREOF, the parties hereto have executed this instrument as of the date first written above.

ASSIGNOR

**USS PRODUCT CARRIERS LLC,**
a Delaware limited liability company

By: _____
Paul B. Gridley, President and CEO

ASSIGNEE

**USS PRODUCTS INVESTOR LLC,**
a Delaware limited liability company

By: _____
Print Name:_____
Print Title: _____

W02-EAST:7RY1\200002091.10
Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

06AM-119916

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Contract Change 002

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

`

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confi
Exem
to 5 U

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

.

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

-53-

Contract Change #024

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION



CONFIDENTIAL BUSINESS INFORMATION

Case 1:12-cv-01165-CKK  Document 32  Filed 06/10/13  Page 573 of 895

 

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

*l*

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

.

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confi
Exem
to 5 l

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
*Exempt from FOIA Disclosure Pursuant*
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

SECTION 8.7    Reinstatement.

If the Trustee or Paying Agent is unable to apply any United States dollars or non-callable U.S. government obligations in accordance with Section 8.2 or 8.3 hereof, as the case may be, by reason of any order or judgment of any court or governmental authority enjoining, restraining or otherwise prohibiting such application, then the obligations of the Issuers under this Indenture and the Notes shall be revived and reinstated as though no deposit had occurred pursuant to Section 8.2 or 8.3 hereof until such time as the Trustee or Paying Agent is permitted to apply all such money in accordance with Section 8.2 or 8.3 hereof, as the case may be; *provided, however,* that, if the Issuers makes any payment of principal of, premium, if any, or interest on any Note following the reinstatement of its obligations, the Issuers shall be subrogated to the rights of the Holders of such Notes to receive such payment from the money held by the Trustee or Paying Agent.

SECTION 8.8    Discharge.

This Indenture will be discharged and will cease to be of further effect as to all Notes and Guarantees issued hereunder and as to all Security Documents (a *"Discharge")* when:

(1)    either: (A) all Notes theretofore authenticated and delivered (except lost, stolen or destroyed Notes that have been replaced or paid and any of the Notes for whose payment money has been deposited in trust and thereafter repaid to the Company) have been delivered to the Trustee for cancellation, or (B) all such Notes not theretofore delivered to the Trustee for cancellation (i) have become due and payable by reason of the mailing of a notice of redemption or otherwise or (ii) will become due and payable within one year or are to be called for redemption within one year and the Issuers have irrevocably deposited or caused to be deposited with the Trustee funds in an amount sufficient to pay and discharge the entire indebtedness on the Notes, not theretofore delivered to the Trustee for cancellation, for principal of, premium, if any, and interest to the Stated Maturity or date of redemption;

(2)    either Issuer or any Guarantor has paid or caused to be paid all other sums then due and payable under this Indenture by the Company;

(3)    the deposit will not result in a breach or violation of, or constitute a default under, any other material instrument (other than this Indenture) to which either Issuer or any Guarantor is a party or by which either Issuer or any Guarantor is bound;

(4)    the Issuers have delivered irrevocable instructions to the Trustee under this Indenture to apply the deposited money toward the payment of the Notes at maturity or on the redemption date, as the case may be; and

(5)    the Issuers have delivered to the Trustee an Officers' Certificate and an Opinion of Counsel reasonably acceptable to the Trustee, each stating that all conditions precedent under this Indenture relating to the Discharge have been complied with.

The Issuers may elect, at their option, to have their obligations discharged with respect to the outstanding Notes. Such legal defeasance means that the Issuers will be deemed to have paid and discharged the entire indebtedness represented by the outstanding Notes, except for:

(1)    the rights of Holders of such Notes to receive payments in respect of the principal of and any premium and interest on such Notes when payments are due,

(2)    the Issuers' obligations with respect to such Notes concerning issuing temporary Notes, registration of Notes, mutilated, destroyed, lost or stolen Notes and the maintenance of an office or agency for payment and money for security payments held in trust,

(3)    the rights, powers, trusts, duties and immunities of the Trustee,

-74-

Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

*Signature Page to Indenture*



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

*Signature Page to Indenture*



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)



Confidential Business Information
Exempt from FOIA Disclosure Pursuant
to 5 U.S.C. 552(b)(4)

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

(
]
t

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

. . . .

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

.

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION

CONFIDENTIAL BUSINESS INFORMATION