**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN PETROLEUM TANKERS PARENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>The UNITED STATES OF AMERICA, *et al*.,<br><br>Defendants. | ) | Civil Action No. 1:12-CV-001165-CKK<br><br>Defendants' Answer to Supplemental Complaint |

**DEFENDANTS' ANSWER TO SUPPLEMENTAL COMPLAINT**

**PRELIMINARY STATEMENT**

Although Defendants are answering all of the allegations in Plaintiff's 41-page, 115-numbered-paragraph Supplemental Complaint, many of the allegations in the Supplemental Complaint are simply irrelevant or immaterial to this Administrative Procedure Act ("APA") action. Record review cases under the APA generally turn on whether the administrative record, as designated by the agency, supports the agency's decision, or whether the record compels a determination that the challenged decision is "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence." Lozowski v. Mineta, 292 F.3d 840, 845 (D.C. Cir. 2002) (citing 5 U.S.C. § 706). Plaintiff's numerous allegations regarding extra-record conversations, and speculative assertions as to what Defendants might have meant or intended, are immaterial to these questions. See, e.g., In re Subpoena Duces Tecum, 156 F.3d 1279, 1279 (D.C. Cir. 1998) (under APA, "the reasonableness of the agency's actions is judged in accordance with its stated reasons," and "the actual subjective motivation of agency decisionmakers is immaterial as a matter of law — unless there

is a showing of bad faith or improper behavior"); Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("Challengers to agency action are not, however, ordinarily entitled to augment the agency's record with either discovery or testimony presented in the district court.").

Using the same numbered paragraphs as the Supplemental Complaint, Defendants answer Plaintiff's specific allegations in the Supplemental Complaint as follows:

**INTRODUCTION**

1. Defendants admit the allegations in this paragraph except that Defendants lack knowledge or information sufficient to respond to the allegation that "two of the tankers were built with specially designed national defense features approved by the U.S. Navy."

2. The allegations in the first sentence are admitted. The allegations in the second sentence are denied except to admit that Defendants received Plaintiff's application on August 31, 2010. The allegations in the third sentence are admitted. The allegations in the fourth sentence are denied.

3. Defendants deny the allegations contained in the first and second sentences of this Paragraph except to admit that the Credit Council was established by the Secretary of Transportation on June 10, 2004, pursuant to secretarial order, and that the Credit Council's responsibilities and duties are set for in Department of Transportation Order 2301.1A, pages 3563-3567 of the Administrative Record in this matter. With respect to the remainder of the allegations in this paragraph, Defendants aver that the allegations are characterizations of a course of conduct that is neither relevant nor material to whether the agency's decision was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or

unsupported by substantial evidence; accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations except to admit as follows: while the allegations are unclear with respect to timeframe, APT's application was pending for more than one year before the Maritime Administration ("MarAd") issued its initial decision letter on the matter on August 1, 2012.  The Credit Council initially did not approve a request to approve an independent financial advisor ("IFA") for APT's application, but subsequently did approve a request for an IFA for APT's application on September 26, 2011.  Defendants further admit that MarAd has, in the past, approved one or more Title XI applications in which the applicant was owned at least in part by private equity.

4.   The allegations in the first sentence are denied.  The remainder of the allegations in this paragraph are characterizations of various filings in this action.  Defendants admit that the filings took place; because these filings speak for themselves, the Court is respectfully referred to the cited filings for a complete statement of their contents.

5.   Defendants deny the allegations contained in this paragraph except to admit that Plaintiff submitted a letter dated July 28, 2012 modifying its Title XI application.  The remainder of the allegations contain Plaintiff's characterizations of the letter; Defendants respectfully refer the Court to the letter, pages 2583-2584 of the Administrative Record in this matter, for a complete and accurate statement of its contents.

6.   The allegations in the first sentence are admitted.  The remaining allegations in this paragraph contain Plaintiff's characterizations of the August 1, 2012 decision letter from MarAd to Plaintiff, to which no response is required.  The August 1, 2012 decision letter speaks for itself, and the Court is respectfully referred to the letter, pages 3511-3518 of the Administrative Record in this matter, for a complete statement of its contents.

7. Defendants admit that MarAd's August 1, 2012 decision letter denied APT's application and that MarAd's November 9, 2012 decision letter denied APT's modified application, and that on August 9, 2012, APT sent a letter formally requesting MarAd to undertake a review of the modified application. The remainder of the allegations in this paragraph contain characterizations of the August 1, 2012 and November 9, 2012 letters which were sent from MarAd to Plaintiff, and the August 9, 2012 letter from Plaintiff to MarAd, to which no response is required. These letters speak for themselves, and the Court is respectfully referred to the three letters, pages 3511-3518, 2609-2613, and 3519-3532 of the Administrative Record in this matter, for a complete statement of their contents.

8. The allegations in this paragraph except the last sentence contain Plaintiff's characterizations of the November 5, 2012 report by Defendants' independent financial advisor ("IFA"), as well as MarAd's November 9, 2012 decision letter to which no response is required. The Court is respectfully referred to the IFA November 5, 2012 report, pages 3336-3510 of the Administrative Record in this matter, and the November 9, 2012 decision letter, pages 3519-3532 of the Administrative Record in this matter, for a complete statement of their contents. The last sentence contains legal conclusions, not allegations of fact, to which no response is required.

9. The first sentence of this paragraph presents a hypothetical scenario, not allegations of fact, and thus no response is required; to the extent a response is required, Defendants deny the allegations. The second sentence of this paragraph is denied.

**JURISDICTION**

10. This paragraph contains a conclusion of law to which no response is required. To the extent a response is required, the allegation is denied.

## PARTIES

11. Defendants admit the allegations in this paragraph except to deny the allegations in the second sentence.

12. The allegations in this paragraph contain legal conclusions, not allegations of fact, to which no response is required.

13. Defendants admit that the Secretary of Transportation has general supervisory authority over the Department of Transportation, of which MarAd is a component. The remainder of the allegations in this paragraph contain legal conclusions, not allegations of fact, to which no response is required.

14. The allegations in this paragraph contain legal conclusions, not allegations of fact, to which no response is required.

## FACTS

A. **The Title XI Vessel Loan Guarantee Program.**

15. Paragraph 15 is a restatement of the language contained in various statutes related to the Title XI program, to which no answer is required. The Court is respectfully referred to the cited statutes for a complete statement of their contents.

16. Paragraph 16 is a conclusion of law and a restatement of the language contained in a statutory provision, 46 U.S.C. §53708(a), and a regulation, 46 C.F.R. § 298.14(a), to which no answer is required. The Court is respectfully referred to the cited statute and regulation for a complete statement of their contents.

17. Paragraph 17 is a conclusion of law and a restatement of the language contained in a regulation, 46 C.F.R. § 298.14(d), to which no answer is required. The Court is respectfully referred to the cited regulation for a complete statement of its contents.

18.  Paragraph 18 is a conclusion of law and a restatement of the language contained in a regulation, 46 C.F.R. § 298.17, to which no answer is required.  The Court is respectfully referred to the cited regulation for a complete statement of its contents.

19.  Paragraph 19 is a conclusion of law and a restatement of the language contained in 46 U.S.C. § 53706(c) to which no answer is required.  The Court is respectfully referred to the cited statute for a complete statement of its contents.

20.  The first sentence of paragraph 20 is a conclusion of law and a restatement of the language contained in 46 U.S.C. § 53708(d), to which no answer is required.  The Court is respectfully referred to the cited statute for a complete statement of its contents.  The second sentence is denied.

B.      **The Statutory Removal of the Secretary from the Title XI Approval Process.**

21.  Paragraph 21 is a conclusion of law and a restatement and characterization of 49 C.F.R. §§ 1.66(e) and 1.43(a), to which no response is required.  The Court is respectfully referred to the cited regulations for a complete statement of their contents.

22.  Paragraph 22 is a conclusion of law and a restatement and characterization of section 3507 of the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, Div. C, title XXXV, § 3507, 119 Stat. 3555 (2006), to which no response is required.  The Court is respectfully referred to the cited statute for a complete statement of its contents.

23.      Paragraph 23 is a conclusion of law and a restatement and characterization of section 3507 of the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, Div. C, title XXXV, § 3507, 119 Stat. 3555 (2006), to which no response is required.  The Court is respectfully referred to the cited statute for a complete statement of its contents.

24.  Paragraph 24 is a conclusion of law and a restatement and characterization of section

3522 of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, Div. C, title XXXV, § 3522, 122 Stat. 596-98 (Jan. 28, 2008), to which no response is required. The Court is respectfully referred to the cited statute for a complete statement of its contents.

25.   The first two sentences of this paragraph contain legal conclusions, not allegations of fact, to which no response is required. Defendants deny the allegations in the third sentence except to admit that the Credit Council was established by the Secretary of Transportation on June 10, 2004, pursuant to secretarial order, that the Credit Council's responsibilities and duties are set for in Department of Transportation Order 2301.1A, pages 3563-3567 of the Administrative Record in this matter, and that the Credit Council's role with respect to independent financial reviews of Title XI applications is set forth in the Credit Council Guidelines for the Use of Advisors External to the Department for Title XI Applications, located at page 2865 of the Administrative Record in this matter. The allegations in the fourth sentence of the paragraph are denied.

C.   **APT's Title XI Application.**

26.   Defendants admit that APT and Argent met with MarAd during the summer of 2010 to discuss APT's upcoming Title XI loan guarantee application. The allegations in the first, second, and third sentences in this paragraph contain characterizations of Plaintiff's Title XI application to which no response is required. The Court is respectfully referred to Plaintiff's Title XI application submitted in August 2010, pages 1-1538 of the Administrative Record in this matter, for a complete statement of its contents. As to the last sentence; Defendants admit that APT's application was dated August 30, 2010 and received by MarAd on August 31, 2010, but further aver that Plaintiff's application was not deemed complete until December 29, 2010.

27.   The allegations in the first sentence contain Plaintiff's characterization of a statutory

provision, 46 U.S.C. § 53703(a), to which no response is required.  The Court is respectfully referred to the cited statute for a complete statement of its contents.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, except to admit that after being notified of certain deficiencies in its application on October 7, 2010, APT sent various responses and materials to MarAd beginning on October 18, 2010.

28.  The allegations in the first sentence are admitted.  As to the second sentence, the allegations are denied except to admit that beginning on October 18, 2010, APT provided certain requested information to MarAd, and MarAd deemed Plaintiff's application complete as of December 29, 2010.

      D.  **The Processing of APT's Application.**

29.  The allegations in paragraph 29 are denied except to admit as follows:    APT's application was not considered complete until December 29, 2010.  As of July 2012, APT's application was still pending before MarAd.  Defendants further aver that any concerns raised by APT in connection with the processing and ownership are fully set forth in the Administrative Record and require no further exposition here.

30.  The allegations in paragraph 30 are denied except to admit as follows: on December 29, 2010, MarAd deemed APT's application to be complete, and it informed APT as such.  At that time, MarAd further informed APT that it was unlikely that APT's application would proceed to an external review by an IFA due to insufficient appropriated funds that would be available for Plaintiff's application.  At some point subsequent to that date, MarAd informed APT that the next step in the application process would be to make a request to the Credit Council to hire an external financial advisor.

31.   The allegations in the first sentence of this paragraph are denied.  The allegations in the second sentence are denied except to admit that MarAd did not make a request to hire an external financial advisor to review APT's application at either the Credit Council's December 2010 meeting or at its January or February 2011 meetings due to a concern that MarAd might not have sufficient appropriated funds to support the amount of guarantees sought by APT and other pending applicants.

32.   The allegations contained in this paragraph are denied except to admit that in March 2011, the Credit Council denied a request by MarAd for an independent financial review for Plaintiff's application.

33.   Defendants admit the allegations contained in this paragraph.

34.   The allegations contained in this paragraph are denied except to admit that one factor raised by the Credit Council regarding the request for an independent financial review of Plaintiff's application related to Plaintiff's ownership.

35.   The allegations in the first sentence contain Plaintiff's characterizations of the Title XI statute and implementing regulations to which no response is required.  The Court is respectfully referred to the Title XI statute, cited previously in Plaintiff's Supplemental Complaint, for a complete statement of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second sentence.  The allegations in the third sentence are denied except to admit that MarAd has, in the past, approved one or more Title XI applications in which the applicant was owned at least in part by private equity.

36.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph except to admit that APT sought meetings with the Deputy Secretary and Maritime Administrator during the time period at issue.

37.   Defendants lack knowledge or information sufficient to form a belief as to APT's "realiz[ations]."  The remainder of the allegations in this paragraph are denied except to admit that APT requested an extension of the 270-day period on May 13, 2011; Defendants respectfully refer the Court to APT's letter, page 1709 of the Administrative Record in this matter, for a complete statement of its contents.

38.   Defendants lack knowledge or information sufficient to form a truth as to the allegations contained in the first two sentences of this paragraph, except to admit that there was a meeting with the Department of Transportation Deputy Secretary and representatives of Plaintiff in September 2011, during which APT's Title XI application was discussed.  The third and fourth sentences of this Paragraph contain Plaintiff's characterization of its Title XI application as amended by a September 20, 2011 letter; this letter speaks for itself, and the Court is referred to the letter, pages 1716-1718 of the Administrative Record in this matter, for a complete statement of its contents.

39.   Defendants admit the allegations contained in this paragraph.

40.   The allegations in the first sentence are admitted.  The second sentence is denied except to admit that Defendant MarAd met with APT regarding its Title XI application on January 26, 2012 and March 6, 2012.  The allegations in the third sentence are denied.  The allegations in the fourth sentence are denied except to admit that throughout the pendency of its application, APT and Argent sent MarAd numerous communications regarding its Title XI application.

41.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as Defendants are unable to admit or deny APT's understandings.

42. The allegations in the first sentence of this paragraph are denied except to admit that in early April 2012, APT requested a meeting with MarAd regarding its application, and that because the Administrator was unavailable, APT met instead on April 12, 2012 with the Interim Executive Director of MarAd regarding its application. The allegations in the second sentence are denied except to admit that throughout the pendency of its application, APT and Argent sent MarAd numerous communications regarding its Title XI application.

43. The allegations in the first sentence are admitted. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and Defendants further aver that these allegations are characterizations of a course of conduct that is neither relevant nor material to whether the agency's decision was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence; accordingly, no response is required.

44. The allegations in the first, second, and third sentences of this paragraph contain Plaintiff's characterizations of a May 2, 2012 letter sent to MarAd. Defendants admit that Plaintiff sent a letter to MarAd on May 2, 2012; the letter speaks for itself, and the Court is respectfully referred to the letter, pages 2442-2443 of the Administrative Record in this matter, for a complete statement of its contents. The allegations in the fourth sentence are denied.

45. Defendants deny the allegations contained in this paragraph except to admit that APT's application was discussed with the Credit Council at its June 12, 2012 meeting and at its July 10, 2012 meeting, that MarAd staff informed APT as such in advance, that MarAd staff continued to seek additional information leading up to the June meeting, and that APT provided additional information leading up to the June and July meetings.

46. Defendants deny the allegations contained in this paragraph except to admit that on

June 13, 2012 a MarAd staff member advised APT that its application was scheduled to be discussed at the Credit Council's July 10, 2012 meeting.

47. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph except to admit that representatives for Plaintiff spoke with the Maritime Administrator on June 14, 2012 regarding Plaintiff's application. Defendants further aver that these allegations are characterizations of a course of conduct that is neither relevant nor material to whether the agency's decision was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence; accordingly, no response is required.

48. The allegations in this paragraph contain Plaintiff's characterizations of various Court filings in this action to which no response is required. The Court is respectfully referred to the cited filings in this action for a complete statement of their contents.

49. The allegations in this paragraph contain Plaintiff's characterizations of its July 28, 2012 letter to Defendants and its attachments. The letter and attachments, located at pages 2583-2584 and 2590-2608 of the Administrative Record in this matter, speak for themselves, and the Court is respectfully referred to the letter and attachments for a complete statement of their contents.

50. The allegations in the first sentence are denied except to admit than on August 1, 2012, MarAd sent APT a letter, signed by the Administrator, denying APT's Title XI application. The remainder of the paragraph contains Plaintiff's characterizations of MarAd's August 1, 2012 decision letter; the letter, located at pages 3511-3518 of the Administrative Record in this matter, speaks for itself, and the Court is respectfully referred to the letter for a full statement of its contents.

51.  The allegations in this paragraph contains Plaintiff's characterizations of MarAd's August 1, 2012 decision letter; the letter, located at pages 3511-3518 of the Administrative Record in this matter, speaks for itself, and the Court is respectfully referred to the letter for a full statement of its contents.

52.  The allegations in the first sentence are denied.  As to the second sentence, Defendants admit that MarAd staff had informed APT that it considered the subordinated debt as equity.  The remainder of the paragraph, including the remainder of the allegations in the second sentence, contains Plaintiff's characterizations of the report by Scully dated June 22, 2012.  The report speaks for itself, and the Court is respectfully referred to the June 22, 2012 IFA report, pages 3159-3335 of the Administrative Record in this matter, for a complete statement as to its contents.

53.  The allegations in this paragraph contain characterizations of Plaintiff's August 9, 2012 letter to MarAd, located at pages 2609-2613 of the Administrative Record in this matter, and to various filings in this matter, to which no response is required.  Defendants admit that APT sent the letter at issue dated August 9, 2012 to MarAd and that the parties submitted the joint filing in question on August 10, 2012.  The cited materials speak for themselves and the Court is respectfully referred to these materials for a complete statement of their contents.

54.  The allegations in this paragraph contain characterizations of this Court's August 11, 2012 order, to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in this paragraph.

55.  The allegations in the first sentence are admitted.  The allegations in the second sentence are denied except to admit that APT ultimately provided certain supplemental information to MarAd.

56.   The allegations in this paragraph contain characterizations of the parties' October 5, 2012 submission, to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in this paragraph.

57.   The allegations in this paragraph contain characterizations of this Court's October 7, 2012 order, to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in this paragraph.

58.   The allegations in this paragraph contain characterizations of Defendants' November 9, 2012 motion, to which no response is required.  To the extent a response is required, Defendants admit the allegations contained in this paragraph.

59.   The allegations in the first sentence are admitted except Defendants aver that they considered Plaintiff's application a modified application. The allegations in the second sentence are admitted except to aver that Plaintiff paid $20,000 in late August, 2012.

60.   Defendants deny the allegations in the first sentence are except to admit they provided the report to Plaintiff on November 8, 2012.  The allegations in the second sentence are denied.

61.   The allegations in the first sentence are denied except to admit that on November 9, 2012, MarAd sent APT a letter, signed by the Administrator, denying Plaintiff's modified application.  The remainder of the paragraph contains Plaintiff's characterizations of MarAd's November 9, 2012 decision letter to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the November 9, 2012 letter, pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.

E.     **Economic Soundness in the August 1 Letter.**

62.   The allegations in this paragraph contain Plaintiff's characterizations of MarAd's

August 1, 2012 decision letter to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the letter, pages 3511-3518 of the Administrative Record in this matter, for a complete statement of its contents.

63.   The allegations in the first sentence contain Plaintiff's characterizations of its Title XI application to which no response is required.  To the extent a response is required, the application speaks for itself, and the Court is respectfully referred to the application (as modified) for a complete statement of its contents.  The remainder of the paragraph contains Plaintiff's characterization of the Scully report dated June 22, 2012 to which no response is required.  The report speaks for itself, and the Court is respectfully referred to the June 22, 2012 report, pages 3159-3335 of the Administrative Record in this matter, for a complete statement of its contents.

64.   The allegations in this paragraph contain Plaintiff's characterization of the Scully report dated June 22, 2012 to which no response is required.  The report speaks for itself, and the Court is respectfully referred to the June 22, 2012 report, pages 3159-3335 of the Administrative Record in this matter, for a complete statement of its contents.

65.   The first four sentences in in this paragraph contain Plaintiff's characterization of the Scully report dated June 22, 2012 to which no response is required.  The report speaks for itself, and the Court is respectfully referred to the June 22, 2012 report, pages 3159-3335 of the Administrative Record in this matter, for a complete statement of its contents.  The allegations in the last sentence are denied.

66.   Defendants deny the allegations contained in this paragraph except to aver that MarAd's August 1, 2012 letter speaks for itself and to refer the Court to the letter, pages 3511-3518 of the Administrative Record in this matter, for a complete statement of its contents.

67. The first, third, fourth and fifth sentences in this paragraph contain Plaintiff's characterizations of MarAd's August 1, 2012 decision letter and 46 C.F.R. § 298.15(d)(4)  to which no response is required.  The letter and regulation speak for themselves, and the Court is respectfully referred to the August 2, 2012 letter, located at pages 3511-3518 of the Administrative Record in this matter, and to the cited regulation, for a complete statement of their contents.  The second sentence is denied.  The sixth and seventh sentences are hypothetical situations to which no response is required; to the extent a response is required, Defendants deny the allegations.

68. The first, second, third, and fourth sentences in this paragraph contain Plaintiff's characterizations of MarAd's August 1, 2012 decision letter to which no response is required. The letter speaks for itself, and the Court is respectfully referred to the August 1, 2012 letter, pages 3511-3518 of the Administrative Record in this matter, for a complete statement of its contents.  The fifth sentence in this paragraph contains Plaintiff's characterizations of 46 C.F.R. § 298.13(h) to which no response is required.  The Court is respectfully referred to the cited regulation for a full statement of its contents.  The remainder of this paragraph contains Plaintiff's characterization of MarAd's August 1, 2012 decision letter and the IFA report dated June 22, 2012 to which no response is required.  The letter and the report speak for themselves, and the Court is respectfully referred to the letter, pages 3511-3518 of the Administrative Record in this matter, and to the June 22, 2012 Scully report, pages 3159-3335 of the Administrative Record in this matter, for a complete statement of its contents.

69. The allegations in the first and second sentences contain Plaintiff's characterizations of MarAd's August 1, 2012 decision letter to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the August 2, 2012 letter, pages 3511-3518 of

the Administrative Record in this matter, for a complete statement of its contents.  Additionally, to the extent that the first sentence alleges that MarAd acted "[i]n contravention of MarAd's regulation," this sentence states a legal conclusion to which no response is required; to the extent a response is deemed required, Defendants deny the allegation.  The remainder of the paragraph presents hypothetical situations to which no response is required; to the extent a response is required, Defendants deny the allegations.

70.   The first sentence of this paragraph contains characterizations of MarAd's August 1, 2012 decision letter, to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the August 1, 2012 letter, pages 3511-3518 of the Administrative Record in this matter, for a complete statement of its contents. The second, third, and fourth sentences contain legal conclusions, not allegations of fact, to which no response is required; to the extent a response is required, Defendants deny the allegations in these sentences and respectfully refer the Court to the cited regulation for a statement of its contents.  As to the fifth sentence, Defendants aver that MarAd's "most-recently approved Title XI applications for tankers" were approved approximately fifteen years ago and are therefore immaterial and irrelevant to this matter.  As to the sixth sentence, Defendants deny the allegations except to admit that some applications that MarAd has approved have had charters of varying lengths for varying vessels.  As to the seventh and eighth sentences, Defendants lack knowledge or information sufficient to admit or deny these allegations except to admit that some Title XI applications approved have had charters of varying lengths for varying vessels.

71.   The allegations in the first and second sentences contain Plaintiff's characterization of 46 C.F.R. § 298.14(d)(1) to which no response is required.  The Court is respectfully referred to the cited regulation for a complete statement of its contents.  The remaining allegations

contained in this paragraph contain characterizations of the Wilson Gillette report incorporated into the Scully report, as well as MarAd's August 1, 2012 decision letter to which no response is required. These materials speak for themselves, and the Court is respectfully referred to the cited materials, pages 3218-3335 and 3511-3518 of the Administrative Record in this matter, for a complete statement of their contents.

F. **Economic Soundness in the November 9 Letter.**

72. Defendants deny the allegations contained in this paragraph.

73. The allegations in this paragraph contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter, MarAd's August 1, 2012 decision letter, and the November 5, 2012 report by Scully. These documents speak for themselves, and the Court is respectfully referred to these documents, located at pages 3519-3532, 3511-3518, and 3336-3510 of the Administrative Record in this matter, for a complete statement of their contents.

74. The allegations in this paragraph contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter which no response is required. The letter speaks for itself, and the Court is respectfully referred to the letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.

75. The allegations in the first and second sentences contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter to which no response is required. The letter speaks for itself, and the Court is respectfully referred to the letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents. The allegations in the third sentence are denied. The allegations in the fourth, fifth, sixth and seventh sentences contain Plaintiff's characterizations of the Wilson Gillette report (which was incorporated into the November 5, 2012 IFA report) to which no response is required. The

report speaks for itself, and the Court is respectfully referred to the cited report, pages 3393-3510 of the Administrative Record in this matter, for a complete statement of its contents.

76. The allegations in this paragraph contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter which no response is required. The letter speaks for itself, and the Court is respectfully referred to the letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.

77. The allegations in the first sentence contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter to which no response is required. The letter speaks for itself, and the Court is respectfully referred to the letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents. The allegations in the second sentence is a conclusion of law and contains Plaintiff's characterizations of 46 C.F.R. § 298.14(d) to which no response is required. The Court is respectfully referred to the cited regulation for a full statement of its contents. As to the third sentence, Defendants lack knowledge or information sufficient to admit or deny these allegations except to admit that some Title XI applications approved have had charters of varying lengths for varying vessels.

78. The allegations in this paragraph, with the exception of the last sentence, contain Plaintiff's characterizations of MarAd's November 9, 2012 decision letter to which no response is required. The letter speaks for itself, and the Court is respectfully referred to the letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents. The allegations in the last sentence of this paragraph are denied.

79. The allegations in the first, second, fourth, and fifth sentences of this paragraph contain Plaintiff's characterizations of the November 5, 2012 Scully report to which no response is required. The report speaks for itself, and the Court is respectfully referred to the report, pages

3336-3510 of the Administrative Record in this matter, for a complete statement of its contents. The allegations contained in the third sentence of this paragraph are denied.

80.   The allegations contained in the first sentence are conclusions of law to which no response is required; to the extent a response is deemed required, the allegations are denied.  The second sentence is a restatement of 46 C.F.R. § 298.14(d)(4), and the Court is respectfully referred to the cited regulation for a complete statement of its contents.

81.   The allegations in the first sentence are denied.  The second and third sentences of the paragraph contain Plaintiff's characterization of MarAd's November 9, 2012 decision letter to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the cited letter, located at pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.   The allegations in the fourth sentence restate the language in a regulation, and the Court is respectfully referred to the referenced regulation for a complete statement of its contents.

82.   Defendants deny the allegations contained in this paragraph.

83.   The allegations in the first, third, fourth and fifth sentences of this paragraph contain Plaintiff's characterization of the IFA report dated November 5, 2012 to which no response is required.  The report speaks for itself, and the Court is respectfully referred to the cited report, pages 3336-3510 of the Administrative Record in this matter, for a complete statement of its contents.  The allegations in the second sentence contain Plaintiff's characterization of MarAd's November 9, 2012 decision letter to which no response is required.  The letter speaks for itself, and the Court is respectfully referred to the cited letter, pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.

84.   The allegations in the first and second sentences contain Plaintiff's characterization

of MarAd's November 9, 2012 decision letter to which no response is required.  The letter
speaks for itself, and the Court is respectfully referred to the cited letter, pages 3519-3532 of the
Administrative Record in this matter, for a complete statement of its contents.  The allegations in
the third sentence are denied.  The allegations in the fourth sentence contain Plaintiff's
characterizations of the IFA report dated November 5, 2012 to which no response is required.
The report speaks for itself, and the Court is referred to the cited report, pages 3336-3510 of the
Administrative Record in this matter, for a complete statement of its contents.  Defendants lack
information or knowledge sufficient to form a belief as to the truth of the allegation in the fifth
sentence due to the vagueness of the term "highly unlikely."  As to the sixth sentence,
Defendants lack knowledge or information sufficient to affirm or deny the allegation based on
the vagueness of the term "substantial cash balance."

85.   The allegations contained in this paragraph contain Plaintiff's characterizations of
the November 5, 2012 IFA report to which no response is required.  The report speaks for itself,
and the Court is respectfully referred to the cited report, pages 3336-3510 of the Administrative
Record in this matter, for a complete statement of its contents.

G.   **Other Reasons for Denial in the August 1 and November 9 Letters.**

86.   The allegations in this paragraph contains Plaintiff's characterizations of MarAd's
August 1, 2012 and November 9, 2012 decision letters to which no response is required.  The
letters speak for themselves, and the Court is respectfully referred to the cited letters, pages
3511-3532 of the Administrative Record in this matter, for a complete statement of their
contents.

87.   Defendants deny the allegations contained in this paragraph.

88.   The allegations in the first sentence contain Plaintiff's characterizations of MarAd's

August 1, 2012 and November 9, 2012 decision letters to which no response is required.  The

letters speak for themselves, and the Court is respectfully referred to the cited letters, letters,

pages 3511-3532 of the Administrative Record in this matter, for a complete statement of their

contents.  The allegations in the second sentence contain Plaintiff's characterization of 46 C.F.R.

§§ 298.09(k) and 298.17 to which no response is required.  The Court is respectfully referred to

the cited regulations for complete statement of their contents.  The remainder of the paragraph is

denied.

89.  The allegations in the first sentence contain Plaintiff's characterization of regulation

46 C.F.R. §§ 298.09(k) to which no response is required.  The Court is referred to the cited

regulation for a complete statement of its contents.  The second sentence is a conclusion of law

to which no response is required.  As to the third sentence, Defendants lack knowledge or

information sufficient to admit or deny the allegations except to admit that two of APT's vessels

were at the time, and continued to be, chartered to the Navy's Military Sealift Command.  As to

the fourth sentence, the allegations are denied except to admit that two of APT's vessels are

capable of being used as naval auxiliaries and are being used as such.

90.  These allegations are denied except to admit that Plaintiff's application was deemed

complete on December 29, 2010, that APT filed an action in this Court on July 17, 2012, and that

MarAd issued the first of its two decisions on APT's application on August 1, 2012.

91.     The allegations in the first and second sentences contain Plaintiff's

characterization of regulation 46 C.F.R. § 298.17 to which no response is required.  The Court is

respectfully referred to the cited regulation for a complete statement of its contents.  As to the

allegations in the third sentence, the allegations are denied except to admit that two of APT's

vessels are capable of being used as naval auxiliaries and are being used as such.

92.   The allegations in the first sentence are denied.  The allegations in the second sentence contain Plaintiff's characterization of MarAd's August 1, 2012 and November 9, 2012 decision letters to which no response is required.  The letters speak for themselves, and the Court is respectfully referred to the cited letters, pages 3511-3532 of the Administrative Record in this matter, for a complete statement of their contents.  As to the allegations in the third sentence, the allegations regarding statutory prohibitions are conclusions of law to which no response is required, and Defendants lack knowledge or information sufficient to admit or deny the remainder of the sentence due to the vagueness of the terms "strong incentive" and "substantial termination payments."  As to the allegations in the fourth sentence, Defendants lack knowledge or information sufficient to admit or deny the allegations, but admit that no documents reflecting such communications between MarAd and MSC are in the Administrative Record in this Matter. As to the allegations in the fifth sentence, Defendants lack knowledge or information sufficient to admit or deny the beliefs and considerations of MSC.

93.   The allegations in the first, second and third sentences contain Plaintiff's characterization of MarAd's November 9, 2012 decision letter to which no response is required. The letter speaks for itself, and the Court is respectfully referred to the cited letter, pages 3519-3532 of the Administrative Record in this matter, for a complete statement of its contents.  The remaining allegations contained in this paragraph are denied.

94.   The allegations in the first, second, and fourth sentences contain legal conclusions, not allegations of fact, to which no response is required.  The remainder of the paragraph is denied except to admit that MarAd determined that APT's project was not economically sound.

95.   The allegations in the first sentence contain Plaintiff's characterization of MarAd's August 1, 2012 and November 9, 2012 decision letters and a regulation, 46 C.F.R. § 298(k), to

which no response is required. The letters speak for themselves, and the Court is respectfully referred to the cited letters, pages 3511-3532 of the Administrative Record in this matter, for a complete statement of their contents. The second sentence is a conclusion of law to which no response is required. As to the third sentence, the allegations are denied except to admit that some applications that MarAd has approved have had charters of varying lengths for varying vessels, and that MarAd's "most recently approved" Title XI applications for tankers were approved approximately fifteen years ago and are therefore immaterial and irrelevant to this matter. The fourth sentence is denied except to admit that APT's application seeks Title XI guarantees for 20 years.

96. The allegations in the first and second sentences are denied. The remainder of the paragraph contains Plaintiff's characterization of MarAd's August 1, 2012 and November 9, 2012 decision letters to which no response is required. The letters speak for themselves, and the Court is respectfully referred to the cited letters, pages 3511-3532 of the Administrative Record in this matter, for a complete statement of their contents.

97. The allegations in the first sentence is a conclusion of law to which no response is required; to the extent a response is deemed required, the allegation is denied. The second and third sentences are denied. The third sentence is admitted, but Defendants aver that these developments subsequent to MarAd's two decision letters are irrelevant and immaterial as to this action seeking review of those decision letters.

98. The allegations in the first sentence are admitted. The allegations in the second sentence are denied.

99. The allegations in the first sentence are admitted. The allegations in the second sentence are conclusions of law to which no response is required; to the extent a response is

deemed required, the allegations are denied.

100. The allegations in the first sentence contain Plaintiff's characterization of MarAd's August 1, 2012 and November 9, 2012 decision letters to which no response is required.  The letters speak for themselves, and the Court is respectfully referred to the cited letters, pages 3511-3532 of the Administrative Record in this matter, for a complete statement of their contents.  The allegations in the second sentence are conclusions of law to which no response is required; to the extent a response is deemed required, the allegations are denied.

101. Defendants deny the allegations contained in this paragraph.

**FIRST CAUSE OF ACTION**

**REMEDY FOR ARBITRARY, CAPRICIOUS AND OTHERWISE
UNLAWFUL AGENCY ACTION**

102.  Defendants incorporate their responses to paragraphs 1 through 101.

103.  Paragraph 103 restates language from 5 U.S.C. § 706(2), and no response is required.  The Court is respectfully referred to the cited statute.

104.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

105.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

106.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

107.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

The unnumbered paragraph beginning "ACCORDINGLY" contains Plaintiff's prayer for

relief to which no response is required.

**SECOND CAUSE OF ACTION**

**REMEDY FOR THE SECRETARY'S UNLAWFUL INTERFERENCE**

108. Defendants incorporate their responses to paragraph 1 through 107.

109. Paragraph 109 restates language from 5 U.S.C. § 706(2), and no response is required. The Court is respectfully referred to the cited statute.

110. Paragraph 110 contains characterizations of a statute associated with the Title XI program to which no response is required. The Court is respectfully referred to the referenced statutory provision for a complete statement of its contents.

111. Paragraph 111 contains characterizations of Congressional action associated with the Title XI program to which no response is required. The Court is respectfully referred to the referenced statutory provision for a complete statement of its contents.

112. Defendants deny the allegations contained in this Paragraph, except to admit as follows: the Credit Council was established by the Secretary of Transportation on June 10, 2004, pursuant to secretarial order. The Credit Council is involved in reviewing applications for Title XI assistance and in making recommendations to MarAd.

113. The allegations in this paragraph contain Plaintiff's conclusions of law to which no response is required. To the extent a response is required, the allegation is denied.

114. The allegations in this paragraph are denied except to admit that certain MarAd staff members had, at times, expressed support for APT's application at certain times throughout its processing.

The unnumbered paragraph beginning "ACCORDINGLY" contains Plaintiff's prayer for

relief to which no response is required.

**THIRD CAUSE OF ACTION**

**ADDITIONAL REMEDY FOR THE SECRETARY'S UNLAWFUL INTERFERENCE**

115. No response is required because the Court has dismissed this cause of action and because this paragraph states conclusions of law. To the extent a response is required, the allegations are denied.

The unnumbered paragraph beginning "ACCORDINGLY" contains Plaintiff's prayer for relief regarding a cause of action that the Court has dismissed to which no response is required.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation of the Supplemental Complaint. Defendants further deny that Plaintiff is entitled to any relief whatsoever.

**Affirmative Defenses**

1. MarAd's Title XI decisions are committed to agency discretion by law.
2. Plaintiff's claims raise a political question beyond the Court's jurisdiction.
3. Plaintiff lacks standing to bring its claims.
4. The Court lacks subject matter jurisdiction over this action.
5. The Supplemental Complaint fails to state a claim upon which relief can be granted.

**Requested Relief**

WHEREFORE, having fully answered the Supplemental Complaint, Defendants pray that the Court deny all relief sought by Plaintiff, enter judgment dismissing this action with

prejudice, and award Defendants such relief as the Court may deem appropriate.

Dated: June 24, 2013

Respectfully submitted,

STUART F. DELERY
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

*/s/ Jesse Z. Grauman*
JESSE Z. GRAUMAN (Va. Bar No. 76782)
U.S. Department of Justice
Civil Division, Federal Programs Branch

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., N.W., Room 5374
Washington, D.C. 20001
Telephone: (202) 514-2849
Fax: (202) 305-8517
Email: jesse.z.grauman@usdoj.gov

Counsel for Defendants